WALTER REESE, Respondent, v. LONG ISLAND RAIL ROAD COMPANY, Appellant.— In an action to recover damages for injury to person and property, arising out of an accident between plaintiff's vehicle and defendant's train at a grade crossing in Southampton, Suffolk County, the defendant appeals from so much of an order of the Supreme Court, Suffolk County, entered April 21, 1965 as denied its renewed motion for a protective order vacating plaintiff's notice for discovery and inspection with respect to the statement of a witness to the accident, and directed defendant to produce said statement. Order, insofar as appealed from, reversed, with $10 costs and disbursements, and motion granted. The record indicates that Special Term did not give specific consideration to defendant's contention that the statement procured by one of its agents from an eyewitness to the accident between plaintiff's automobile and defendant's train was procured solely in preparation for litigation (cf. *Lonigro* v. *Baltimore & Ohio R. R.*, 22 A D 2d 918; *Rios* v. *Donovan*, 21 A D 2d 409). Special Term's reasoning, if followed to its logical conclusion, would render the statute (CPLR 3101, subd. [d], par. 2) inapplicable in all cases where accident reports are made in the regular conduct of a business. The statement in question, made prior to the commencement of this litigation, was "in preparation for litigation" and is not available for discovery under the statute (*Finegold* v. *Lewis*, 22 A D 2d 447). Christ, Acting P. J., Brennan, Hill, Hopkins and Benjamin, JJ., concur. [46 Misc 2d 5.]