Richabd D. Simons, J.
In this death action, plaintiffs seek to examine a member of the train crew before trial and also to examine the trainmaster and obtain from him copies of the statements of all crew members concerning the facts of the accident made within one month of the accident. Plaintiffs also seek the trainmaster’s report. Defendant cross-moves for a protective order and refuses to allow the crew member to testify until supplied with a copy of his statement made earlier to plaintiffs ’ attorney.
The right to examine the employee of a party is granted by CPLR 3101 (subd. [a], par. [1]). It is entirely independent of any duty to supply a copy of a statement made by the witness, although an employee’s statement is obtainable in this situation (CPLR 3101, subd. [e]; cf. Briggs v. Spencer Port Road Plaza, 19 A D 2d 943.) The employee must testify, the plaintiffs must supply a copy of the statement to the defendant, and the employee may examine the statement before testifying.
Employee statements made in the regular course of business stating what they observed and did are not material prepared for litigation protected from discovery by CPLR 3101 (subd. [d]). (Bloom v. New York City Tr. Auth., 20 A D 2d 687; Linton v. Lehigh Val. R. R. Co. 25 A D 2d 334; Bojanek v. Niagara Frontier Tr. System, 25 A D 2d 486; Menyweather v. Niagara Frontier Tr. System, 50 Misc 2d 244, affd. 25 A D 2d 821; Brunswick Corp. v. Aetna Cas. & Sur. Co., 27 A D 2d 182.)
The cases of Finegold v. Lewis (22 A D 2d 447) and Kandel v. Tocher (22 A D 2d 513), relied upon by defendant, are not applicable. They involve statements by defendants to their own liability insurers. In such cases, the material is presumptively prepared for trial (cf. McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3101, Supplementary Practice Commentary 1966 by David D. Siegel, p. 16). In this case, the burden rests on the defendant resisting discovery to show that the material was prepared solely for litigation and not in the regular course of business. (Linton v. Lehigh Val. R. R. Co., supra; 53 Cornell L. Rev., Work Product Exception to Discovery, pp. 98, 108.) The defendant does not meet that burden solely by showing that the statements were taken by claims investigators and forwarded to the claims office for the use of defendant’s attorneys. (Weisgold v. Kiamesha Concord, 51 Misc 2d 456.) The attorneys *441 conceivably can use the information for other than litigation purposes (e.g., Public Service Law, § 47 [Reports]).
There is a difference of authority in the judicial departments with respect to discovery in these cases. In O’Neill v. Manhattan & Bronx Surface Tr. Operating Auth. (27 A D 2d 185), containing similar facts, the First Department reversed a lower court decision allowing discovery. The lower court’s decision, reported at 47 Misc 2d 765, was cited with approval by the Fourth Department in Brunsivick Corp. v. Aetna Cas. & Sur. Co. (supra), indicating that to be the law in this department.
Plaintiffs ’ motion to examine the witness Anderson is granted.
Defendant’s motion seeking a copy of witness Anderson’s statement is granted.
Defendant’s motion for a protective order prohibiting discovery of the trainmaster’s report and crew members statements is denied.