■ LILLIAN GREEN et al., Appellants, v. CAREY TRANSPORTATION, INC., Respondent.— In an action to recover damages for personal injuries, etc., plaintiffs appeal from an order of the Supreme Court, Kings County, dated June 23, 1965, which (1) granted defendant's motion to vacate plaintiffs' notice of discovery and inspection and (2) denied plaintiffs' cross motion to extend their time to complete pretrial proceedings. Order reversed, without costs; defendant's motion denied; and plaintiffs' cross motion granted. The discovery and inspection pursuant to plaintiffs' notice dated April 5, 1965 shall proceed on a date to be fixed in a new written notice of not less than 10 days, to be given by plaintiffs. The papers disclose that discovery was sought by plaintiffs of an accident report made by defendant's employee to defendant on the day of the accident which is the subject of this action. It is our opinion that under these circumstances the report was prepared for the benefit of the defendant employer in the ordinary course of its business and therefore was subject to full disclosure (*Bloom* v. *New York City Tr. Auth.*, 20 A D 2d 687). The inference to be drawn from these facts is not rebutted by the mere conclusory allegation of defendant that the report was material prepared solely for litigation. Munder, Acting P. J., Martuscello, Latham, Shapiro and Gulotta, JJ., concur.

■ JOSEPH J. INTRABARTOLO, as Administrator of the Estate of NANCY J. INTRABARTOLO, Deceased, Respondent, v. JOSEPH J. INTRABARTOLO, Appellant.— Appeal by defendant from so much of a judgment of the Supreme Court, Nassau County, entered January 21, 1971, as dissolved the marriage between him and plaintiff's intestate, *nunc pro tunc* as of the date of the inquest, November 16, 1970. Appeal dismissed without costs. A judgment resulting from an inquest occasioned by defendant's nonappearance in answering the complaint and at the trial is a default judgment from which no appeal lies (*Jensen* v. *Union Ry. Co. of New York*, 260 N. Y. 1; *Pearlson* v. *Javits*, 19 A D 2d 729). We have, however, considered the merits and, if the appeal were not being dismissed, we would affirm the judgment insofar as appealed from (*Cornell* v. *Cornell*, 7 N Y 2d 164, 169–170). Rabin, P. J., Munder, Martuscello, Latham and Shapiro, JJ., concur.

■ In the Matter of MARC J., JR., et al.— In three consolidated (by consent) proceedings, the appeals are from two orders of the Family Court, Nassau County, entered March 6, 1970 and August 19, 1970, respectively, the first *inter alia* finding each of the three subject persons to be neglected children, and the second *inter alia* adjudging them as such and ordering them placed in the custody of the Nassau County Department of Social Services for not more than 18 months. Orders affirmed, without costs. In our opinion, the evidence of neglect was clearly and properly established. The "secret" psychiatric report was made by the Family Court Mental Health Clinic Medical Director and was in the nature of a probation report. The court could thus properly consider the same for dispositional purposes without disclosure to appellants or their counsel (see Family Ct. Act, § 1047, subd. [b] [eff. May 1, 1970], and § 1046, subd. [c]). Further, it is clear that appellant Marc J. (anonymous) never originally objected to the examination and even sought to obtain favorable consideration by submitting his own psychiatrist's report to the court prior to the making of the dispositional order. Rabin, P. J., Hopkins, Christ, Brennan and Benjamin, JJ., concur.