■ DEBORAH R. BRAUN, Respondent, v GREAT ATLANTIC & PACIFIC TEA Co., INC., Appellant.—In an action to recover damages for personal injuries, defendant appeals (1) from an order of the Supreme Court, Queens County, dated June 17, 1977, which granted plaintiff's motion for discovery of an accident report and (2) as limited by its brief, from so much of a further order of the same court, dated November 10, 1977, as, upon reargument, adhered to the original determination. Appeal from the order dated June 17, 1977 dismissed as academic. That order was superseded by the order made upon reargument. Order dated November 10, 1977 reversed insofar as appealed from, and, upon reargument, motion for discovery of the accident report denied. Defendant is awarded one bill of $50 costs and disbursements to cover both appeals. On the present record it appears that the accident report sought was prepared by defendant's employee solely in preparation for litigation. The report form was drafted by the attorneys representing

defendant exclusively on accident cases and related occurrences, and the completed report form was immediately forwarded to them. Moreover, these reports were never used to improve efficiency or for any other business purpose, according to the affidavit of defendant's region comptroller. Accordingly, unlike the document sought in *Green v Carey Transp.* (38 AD2d 711), which apparently was prepared for the benefit of the employer in his business, this accident report is exempt from disclosure under CPLR 3101 (subd [d], par 2) (see *Reese v Long Is. R. R. Co.,* 24 AD2d 581; *Kandel v Tocher,* 22 AD2d 513). Gulotta, J. P., Cohalan and Margett, JJ., concur.

Shapiro, J., concurs as to the dismissal of the appeal from the order dated June 17, 1977, but otherwise dissents and votes to affirm the order dated November 10, 1977 insofar as it has been appealed from, with the following memorandum: The use of the form in question was clearly an artifice designed by counsel for the purpose of precluding injured plaintiffs from receiving the benefits of disclosure by the illusory contention that the reports were nondiscoverable material prepared for the purpose of litigation (CPLR 3101, subd [d], par 2). The pretrial testimony of defendant's employee, that it was the practice when an accident occurred to have a report completed and "sent in to the main office", warranted Special Term's holding that the report was not prepared exclusively for purposes of litigation. The form, which was prepared by counsel and states on its face that an employee "when preparing [the] report [should] make two additional copies and give to your supervisor", also bears that out (see, also, *Green v Carey Transp.,* 38 AD2d 711).