■ CHEMICAL BANK, Appellant, v NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Defendant-Respondent and Third-Party Plaintiff. GEORGE HYAM et al., Third-Party Defendants.—Order, Supreme Court, New York County, entered November 9, 1978, denying plaintiff's motion to produce certain documents, reversed to the extent appealed from, on the law, with costs, motion granted, and defendant directed to produce the documents within 20 days after service of a copy of this court's order with notice of entry thereof. This is an action to recover on a surety bond issued by the defendant guaranteeing repayment of a loan plaintiff made to the Commonwealth Development and Construction Company (Commonwealth). In connection with the transaction, the defendant secured personal guarantees from Commonwealth's principals and a second mortgage on real property owned by Commonwealth. As here pertinent, the defendant alleges that the plaintiff misrepresented to it the worth of the real property and the financial reliability of the principals. The appeal is from an order at Special Term denying plaintiff's motion pursuant to CPLR 3124 for an order directing the defendant to produce two documents withheld by it from plaintiff. Disclosure was resisted by defendant on the ground that one of the documents constituted an attorney's work product (CPLR 3101, subd [c]) and was also material prepared for litigation (CPLR 3101, subd [d]) and that the second document was material prepared for litigation. We are satisfied that defendant failed to sustain its burden of establishing the privileged character of the documents (*Koump v Smith,* 25 NY2d 287), and the order accordingly is reversed. As to the document claimed to be an attorney's work product, we note preliminarily that CPLR 3101 (subd [c])

has been uniformly given a narrow construction by the courts for reasons developed quite fully by Professor Siegel in section 347 of his work, New York Practice. It suffices here to state that a statement taken from an employee by house counsel "for possible use in litigation" well before any demand for payment was made to the defendant and months before the defendant disclaimed liability, does not qualify for the absolute prohibition set forth in CPLR 3101 (subd [c]). (See, also, 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.44.) Nor are we persuaded that this statement and a financial report on one of Commonwealth's principals also secured prior to any demand for payment on the defendant and well before it disclaimed liability constitute "material prepared for litigation." It is clear that these documents were not prepared "purely for the purpose of * * * litigation" (*Warren v New York City Tr. Auth.*, 34 AD2d 749), and we doubt that they were prepared primarily with a view to litigation. The underlying reality as to both documents was best put in an affidavit by the lawyer who secured the statement referred to above. They were developed "for possible use in litigation," with the clear import that they were developed for other purposes as well, most importantly to help assess defendant's liability. Significant is the failure of defendant to disclose when the decision to disclaim was reached. As to such documents when developed prior to litigation, the rule is: "Multi-motived reports do not warrant the immunity if litigation is but one of the motives." (Siegel, NY Practice, $348, p 430; see, also, *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.*, 56 AD2d 134; *Millen Inds. v American Mut. Liab. Ins. Co.*, 37 AD2d 817; 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.50.) Sharply to be distinguished are the principles applicable with regard to liability insurers. (*Kandel v Tocher*, 22 AD2d 513, 515-516.) Under the circumstances disclosed we see no reason to deny full effect to the statutory mandate that "There shall be full disclosure of all evidence material and necessary in the prosecution or defense of an action" (CPLR 3101, subd [a]). Concur—Kupferman, J. P., Sandler, Bloom, Lane and Lupiano, JJ.