## SECOND DEPARTMENT, JUNE, 1980

### (June 2, 1980)

■ MARIA CARLO et al., Appellants, v QUEENS TRANSIT CORPORATION et al., Respondents. (And a Third-Party Action.)—In a negligence action to recover damages for personal injuries, etc., plaintiffs appeal from a judgment of the Supreme Court, Queens County, entered December 18, 1978 in favor of the defendants, after a jury trial. Judgment reversed, on the law, and a new trial granted, with costs to abide the event. The issue is whether nisi prius erred in denying plaintiffs' application to compel defendant Queens Transit Corporation to produce an accident report filed by its employee, defendant Carson, concerning the incident upon which this action was based. The report was marked with a legend indicating that it had been prepared solely for litigation purposes, that it was confidential and only for the use of the transit company's attorney. Plaintiffs argued before the trial court that since the defendant transit company used "in-house counsel", Carson's accident report was not prepared solely for an attorney in anticipation of litigation, but for his employer in the regular course of business. Plaintiffs therefore attacked the legend as a mere device to prevent its disclosure as privileged material. CPLR 3101 (subd [d], par 2) protects from discovery "any writing or anything created by or for a party or his agent in preparation for litigation." It is settled law, however, that if a report or other writing is prepared for an employer in the regular course of business, it is subject to disclosure (Chemical Bank v National Union Fire Ins. Co. of Pittsburgh, Pa., 70 AD2d 837; Kaiser v South Nassau Communities Hosp., 58 AD2d 643; Green v Carey Transp., 38 AD2d 711). If such documents are intended for purposes beyond that of litigation, e.g., as efficiency reports, or disciplinary or personnel records, they are "Multi-motived" and do not warrant immunity (Siegel, New York Practice, § 348, p 430; see, also, Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp., 56 AD2d 134; Millen Inds. v American Mut. Liab. Ins. Co., 37 AD2d 817). Attempts to discover a report submitted to an employer will therefore require a fact-finding hearing to determine whether it exists for multiple purposes, since in certain instances such reports have been found to be prepared for litigation only (see Braun v Great Atlantic & Pacific Tea Co., 67 AD2d 898; Soifer v Mount Sinai Hosp., 63 AD2d 713; Reese v Long Is. R. R. Co., 24 AD2d 581; Kandel v Tocher, 22 AD2d 513). Thus, the simple fact that a report is submitted to an employer is not dispositive of its nature as privileged material. Its use and intended use, which are issues of fact, will be determinative. In light of this State's policy encouraging full pretrial disclosure in civil cases (CPLR 3101, subd [a]), the burden of proof upon such a fact finding must be on the party seeking to establish the privileged character of the documents to be produced (Koump v Smith, 25 NY2d 287; see, also, Chemical Bank v National Union Fire Ins. Co. of Pittsburgh, Pa., 70 AD2d 837, supra; Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp., 56 AD2d 134, supra). We are satisfied that the defendant transit company failed to sustain its burden by its mere recitation of the conclusory and self-serving statement appearing in the margin of Carson's

accident report. Accordingly, we hold that without having required defendant to present further and sufficient evidence to prove the use and intended use of the accident report sought to be discovered by plaintiffs, nisi prius erred in finding the subject report exempt from disclosure as privileged material under CPLR 3101 (subd [d], par 2), and in granting a motion for a protective order under CPLR 3103 (subd [a]). Therefore, a new trial is required. We have examined the other issues raised by this appeal and find them to be without merit. Hopkins, J. P., Titone, Mangano and Rabin, JJ., concur.