OPINION OF THE COURT
Anthony Barbiero, J.
Defendant’s motion for a protective order striking the plaintiff’s notice of discovery and inspection upon the ground that the material sought is material prepared for litigation and, therefore, is not discoverable under CPLR 3101 (subd [d]) is decided as follows: Except as to Item No. 2, defendant is directed to comply fully with said notice. With regard to Item No. 2, defendant is dirécted only to furnish photographs taken at the scene of the accident or shortly after its occurrence. Defendant shall comply with the directives herein within 20 days following the date of this order.
This action was brought by plaintiff to recover for personal injuries allegedly sustained by her on the premises of defendant’s supermarket as a result of the negligence of defendant’s employees in operating a loading cart or hand truck.
When the alleged accident occurred, defendant’s employees completed an accident report and presumably took photographs of the scene of the accident and of the plaintiff. The plaintiff has served the defendant with a notice of discovery and inspection requesting, inter alla, disclosure of said accident report and photographs. The defendant objects to disclosure of these items contending that they are material prepared for litigation and, accordingly, has made the instant motion for a protective order pursuant to CPLR 3101 (subd [d]).
CPLR 3101 (subd [d]) provides that any writing or anything created by or for a party or his agent in preparation for litigation shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship. Thus, the first inquiry to be made is whether the accident report or photographs made by defendant’s employees are material prepared for litigation.
*1114 Generally, whether an item is material prepared for litigation is a sui generis determination (see Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 3101:30), and the burden of proof to show that an item is material prepared for litigation is on the party resisting disclosure. (Dikun v New York Cent. R. R., 58 Misc 2d 439; Weisgold v Kiamesha Concord, 51 Misc 2d 456.) The only evidence before this court is an affidavit by defendant’s assistant secretary which states that the report being sought by plaintiff is one which is routinely completed by defendant’s employees following an accident involving a member of the general public. Three copies of the report are prepared. One copy is forwarded to "Employers Self Insurance Service”, another copy is sent to defendant’s corporate headquarters, and a third copy is retained by the local store for their files. It is also stated in the affidavit that these accident reports are completed solely under the direction of defendant’s trial counsel and that no business related use is made of them.
In its moving papers defendant relies heavily upon Braun v Great Atlantic & Pacific Tea Co. (67 AD2d 898). In that case the report form at issue was drafted by attorneys representing defendant exclusively on accident cases and related occurrences; the completed report form was immediately forwarded to those attorneys, and the reports were not used for any specific business purpose. The Appellate Division held that under those circumstances the report was exempt from disclosure under CPLR 3101 (subd [d]). The instant case, however, is distinguishable from Braun. In this case there is no evidence that the accident report was made on a form drafted by defendant’s negligence attorneys. Also, the report was sent neither directly nor solely to defendant’s negligence attorneys.
Defendant also relies on Kandel v Tocher (22 AD2d 513). In Kandel the Appellate Division held that an accident report and photographs made by defendant’s independent automobile liability insurer were material prepared for litigation. In the instant case, however, the report and photographs were not made by an independent liability insurer. They were not even made by employees of defendant’s "Employers Self Insurance Service”. Instead, the report and photographs were made by employees of defendant’s supermarket during the ordinary course of business. Additionally, the accident report was submitted not only to the defendant’s "Employers Self Insurance *1115 Service” but also to defendant’s corporate headquarters. Furthermore, the accident report in Kandel does not appear to have been made at the time of the accident as it was in the instant case. In view of these facts, this court finds that the rule of Kandel v Tocher (supra), which has also been adopted by the Second Department in Finegold v Lewis (22 AD2d 447), is inapposite.
 The Kandel decision also indicates that when an item has been secured or prepared with the mixed motivation of both internal business purposes as well as potential litigation, the item does not partake of CPLR 3101 (subd [d]) immunity and, therefore, is disclosable. (See Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 3101:38.) Accordingly, the burden upon the defendant is to show not merely that the items sought were prepared for litigation but that they were prepared solely for litigation. This the defendant has not done.
There is much authority favoring the disclosure of accident reports made in the ordinary course of business. (Green v Carey Transp., 38 AD2d 711; Kaiser v South Nassau Communities Hosp., 58 AD2d 643; Weisgold v Kiamesha Concord, 51 Misc 2d 456, and cases cited therein.)
In view of the foregoing facts and law this court concludes that the accident report and photographs sought by the plaintiff are not material prepared solely for litigation and, therefore, are not immune from disclosure under CPLR 3101 (subd [d]).
Even assuming, arguendo, that the items sought by plaintiff are material prepared solely for litigation, the immunity from disclosure afforded by CPLR 3101 (subd [d]) is only conditional. If the material sought can no longer be duplicated because of a change in conditions, and if withholding these materials will result in injustice or undue hardship then the court may permit disclosure of such items. The law is well settled that photographs taken at the scene of an accident, or shortly after its occurrence, "[n]ormally * * * should not be protected from disclosure because it is not possible to duplicate this evidence”. (Hayward v Willard Mountain, 48 Misc 2d 1032, 1033; see, also, Practice Commentary, McKinney’s Cons Laws of NY, Book 7B, CPLR 3101:40.) Likewise, this court believes that accident reports made at the scene of the accident, or shortly after its occurrence, should normally not be protected from disclosure because such material also is not possible to dupli *1116 cate. At no other time is the memory of witnesses as fresh and reliable or the scene of the accident more fully intact then at the time of the accident. The reason for the rule in CPLR 3101 (subd [d]) is to prevent one side from standing by complacently conducting no investigation of its own, and then appropriating, free of charge, the investigative effort the other side has made.
However, in the matter presently before this court, such is not the case. Plaintiff was not standing by complacently at the time of the accident but was physically injured and doubtlessly unable to make any investigation at all. Under such circumstances, the interest of justice as well as the legislative purpose behind CPLR 3101 (subd [d]) are best served by permitting disclosure of the accident report.
Another item which the plaintiff seeks to have disclosed is the names of all employees on duty at the time of the accident. This court does not find such a request to be unduly burdensome.