OPINION OF THE COURT
James F. Niehoff, J.
This is a motion by defendants for a protective order vacating the plaintiffs’ notice for discovery and inspection which demands the right to discover “Accident reports of employees pursuant to C.P.L.R. 3101(g) re the accident of August 24, 1978.”
The underlying action is one by Mimi Chaplin for personal injuries allegedly sustained on August 24, 1978 at the defendant’s premises as a result of the alleged negligence of the defendant. It is claimed that she was caused to fall as the result of the presence of sour cream on the floor.
Newly enacted CPLR 3101 (subd [g]) under which the instant notice was served reads as follows: “(g) Accident reports. Except as is otherwise provided by law, in addition to any other matter which may be subject to disclosure, there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, *542 association or other public or private entity, unless prepared by a police or peace officer for a criminal investigation of prosecution and disclosure would interfere with a criminal investigation or prosecution.” (Emphasis added.)
The law relating to accident reports as it existed prior to the effective date of CPLR 3101 (subd [g]), to wit, September 1, 1980, was stated in Carlo v Queens Tr. Corp. (76 AD2d 824) in these words: “CPLR 3101 (subd [d], par 2) protects from discovery ‘any writing or anything created by or for a party or his agent in preparation for litigation.’ It is settled law, however, that if a report or other writing is prepared for an employer in the regular course of business, it is subject to disclosure (Chemical Bank v National Union Fire Ins. Co. of Pittsburgh, Pa., 70 AD2d 837; Kaiser v South Nassau Communities Hosp., 58 AD2d 643; Green v Carey Transp., 38 AD2d 711). If such documents are intended for purposes beyond that of litigation, e.g., as efficiency reports, or disciplinary or personnel records they are ‘Multi-motived* and do riot warrant immunity (Siegel, New York Practice, §. 348, p 430; see, also, Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp., 56 AD2d 134; Millen Inds. v American Mut. Liab. Ins. Co., 37 AD2d 817). Attempts to discover a report submitted to an employer will therefore require a fact-finding hearing to determine whether it exists for multiple purposes, since in certain instances such reports have been found to be prepared for litigation only (see Braun v Great Atlantic & Pacific Tea Co., 67 AD2d 898; Soifer v Mount Sinai Hosp., 63 AD2d 713; Reese v Long Is. R.R. Co., 24 AD2d 581; Kandel v Tocher, 22 AD2d 513). Thus, the simple fact that a report is submitted to an employer is not dispositive of its nature as privileged material. Its use and intended use, which are issues of fact, will be determinative.”
The court must assume that when the Legislature enacted CPLR 3101 (subd [g]) it was aware of the case law pertaining to accident reports and that it intended to make some change with respect thereto. Stated otherwise, under well-established principles of law the court is *543 bound to hold that in enacting CPLR 3101 (subd [g]) the Legislature did not intend to perform a vain or meaningless act and leave the law where it was prior to the enactment of said section. The Legislature has said, in clear and unambiguous language, that “there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity”. That language must be given effect. So, if the accident report is prepared in the regular course of business operations or practices the report is discoverable and it is no longer necessary for the courts to hold hearings to determine “its use and intended use”. What is now determinative is whether the report is prepared in the regular course of business operations or practices. Manifestly, the Legislature has concluded that, in the search for truth, such accident reports should be made available to a plaintiff even though the defendant may intend to use the report in preparing for litigation.
In the instant case the specimen form annexed as Exhibit F to the moving papers of the defendants directs the preparer to use the reporting form “if you have an accident or loss involving injury” and for “all liability claims except” automobile and workers’ compensation claims. Thus, it is clear to the court that the accident report in question is one prepared in the regular course of business of the defendant Supermarkets General Corp.
That being so, the language of CPLR 3101 (subd [g]) provides for its disclosure and the court is not required to ascertain whether it was prepared for litigation. Consequently, the motion of defendants for a protective order is denied.