■ THOMAS ALLSBROOKS, an Infant, by His Natural Parent, JOAN ALLSBROOKS, et al., Respondents, v McCRORY'S, INC., et al., Appellants. — In an action to recover damages for assault and negligence, defendants appeal from an order of the Supreme Court, Kings County (Rader, J.), dated March 12, 1981, which denied their motion for a protective order vacating plaintiffs' "demand for witness [sic] statement". Order modified by adding thereto, after the word "denied", the following: "with respect to so much of plaintiffs' demand as requests the names and addresses of witnesses to the occurrence in question. Insofar as plaintiffs' demand requests statements of witnesses made to defendants, motion granted, without prejudice to plaintiffs' service of an appropriate notice of discovery and inspection in accordance with *Rios v Donovan* (21 AD2d 409, 414)." As so modified, order affirmed, without costs or disbursements. Since plaintiffs' demand for the statements of witnesses is overly broad and the documents sought are not "specifically designated" therein, as required by CPLR 3120 (subd [a], par 1), we cannot even begin to assess whether the statements are immune from discovery under CPLR 3101 (subd [d]) or are discoverable under CPLR 3101 (subd [g]) (see *Carlo v Queens Tr. Corp.*, 76 AD2d 824). Although the burden of proof is upon the party seeking to establish the privileged character of the documents requested to be produced (*Koump v Smith*, 25 NY2d 287; *Carlo v Queens Tr. Corp., supra*), defendants cannot be expected to shoulder this burden until the requested documents have been "specifically designated". Thus, under the circumstances of this case, plaintiffs' failure to have "specifically designated" the documents sought requires that defendants' motion for a protective order be granted to the extent indicated. However, as defendants, in effect, concede, "the names of eyewitnesses to the occurrence, even if obtained by investigation made after the occurrence, are discoverable if they are material and necessary to the prosecution or defense of the action" (*Zellman v Metropolitan Transp. Auth.*, 40 AD2d 248, 251). Since the names of the eyewitnesses to the occurrence in question are material and necessary to the prosecution of this action, plaintiffs are entitled to discover them and the addresses of witnesses. Accordingly, defendants' motion for a protective order was properly denied insofar as it was directed to plaintiffs' request for the names and addresses of witnesses to the occurrence in question. Lazer, J. P., Mangano, Gibbons and Margett, JJ., concur.