OPINION OF THE COURT
Robert E. Fischer, J.
In this negligence action, defendants County of Broome and Thompson move for a protective order (CPLR 3103) upon plaintiffs’ demand for copies of accident reports.
Utilizing the statutory language, defendants assert generally — without singular reference — that the reports sought are “materials prepared for litigation” not obtainable by reason of the specific exclusion contained in CPLR 3101 (subd [d], par 2) and urge that the notice to produce lacks “reasonable particularity” in any event (CPLR 3120, subd [a], par 1, cl [i]).
After identifying by name and date certain of the incidents and investigative reports, as well as other reports they believe to have been filed with the county or its transit division, plaintiffs assert that the “report of the *20 incident was taken in the normal course of business by the County of Broome and the other reports were taken by the insurance carrier retained by Broome County for purposes of undertaking to adjust this claim on behalf of the County and as such is not protected as material prepared in the course of litigation”. In support of the position that such broad disclosure is required, plaintiffs refer to the recent (1980) amendment to CPLR 3101, which states: “(g) Accident reports. Except as is otherwise provided by law, in addition to any other matter which may be subject to disclosure, there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity, unless prepared by a police or peace officer for a criminal investigation or prosecution and disclosure would interfere with a criminal investigation or prosecution.”
Such addition, plaintiffs urge, requires that defendants disclose all reports of the accident, whether prepared exclusively for litigation or otherwise, citing in support of their position Pataki v. Kiseda (80 AD2d 100). There a panel of that court, noting (p 100) the “unusual situation in which two subdivisions of * * * the CPLR” (subd [d], par 2; subd [g]) “appear to require directly contradictory actions”, deduced (pp 101,104-105) that, despite the language of the . former excluding “ ‘any writing * * * created * * * in preparation for litigation’ ”, the Legislature intended, by enactment of the latter subdivision, “to expand, rather than contract, the right of discovery as much as possible” and concluded thereby that “any written accident report * * * is subject to full disclosure, notwithstanding that it was prepared exclusively for use in litigation”. We observe that a similar conclusion was also reached in a decision at Special Term, premised upon the assumption “that when the Legislature enacted CPLR 3101 (subd [g]) it was aware of the case law pertaining to accident reports and that it intended to make some change with respect thereto” (Chaplin v Pathmark Supermarkets, 107 Misc 2d 541, 542). Plaintiffs contend that we are obliged to follow the conclusions reached in Pataki, in the absence of any determination in this department or any conflicting determination in *21 the other departments (see similar views expressed in 1 Carmody-Wait 2d, NY Prac, § 2:63).
After argument of the present motion, however, an opinion of a different panel of Justices in the Second Department was published which, although addressed generally to the “ ‘specifically designated’ ” rule of CPLR 3120, cited with approval the earlier report-assessment requirements of Carlo v Queens Tr. Corp. (76 AD2d 824) as a predicate to any determination of “whether the statements [of witnesses] are immune from discovery under CPLR 3101 (subd [d]) or are discoverable under CPLR 3101 (subd [g])” (Allsbrooks v McCrory’s, Inc., 82 AD2d 872). Since the latter opinion of the Second Department appears to apply the case law in effect prior to the addition of CPLR 3101 (subd [g]), we conclude that stare decisis does not require that we apply a Pataki solution to the pending motion.
With that background, a search for some “contemporaneous documentation of legislative intent” accompanying the 1980 amendment (NY Legis Ann, 1980, p iv) discloses a legislative statement which, in view of the time lag inherent in publication, we assume was not available to the courts in Pataki (supra) and Chaplin (supra). The now-published legislative memorandum accompanying the proposed addition of CPLR 3101 (subd [g]) discloses that it was drafted and presented by the Chairman of the Standing Committee of the Assembly on Codes, and presented in the Senate by the Chairman of the Standing Committee on Codes in that legislative body.* The memorandum of Assemblyman Miller reads as follows:
“Accident Reports, Pretrial Disclosure “A. 9303-A M. Miller et al Ch. 283 “S. 9118-A Stafford
“Civil Practice Law and Rules: §3101. The purpose of this bill is to make accident reports subject to pretrial disclosure in civil litigation when prepared from the usual business operations or practices of any person or entity, except as otherwise provided by law. Accident reports *22 prepared by a police officer or a peace officer for a criminal investigation, and retained for such purpose, are not subject to disclosure.
“The courts have generally permitted the discovery of accident reports or investigation statements that result from the regular internal operation of an enterprise, authority or business, because such documents, generally are not prepared exclusively for litigation, although ultimately they may be utilized for purposes of negotiation or litigating personal injury or property damage claims resulting from accidents. This bill accurately codifies existing decisional law.” (NY Legis Ann, 1980, p 131; emphasis supplied.)
We also note Professor Joseph M. McLaughlin’s comment as to the “troublesome” consequences of Pataki (supra) (NYLJ, July 10, 1981, p 1, col 1) and his conclusion — “[ujnenlightened by any legislative history” — that the addition of subdivision (g) was a codification of existing case law (and see 3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.59, expressing similar views).
Viewing the addition of CPLR 3101 (subd [g]) in the light of the legislative purpose now revealed through publication of the memorandum accompanying the bill (Matter of Fisher v New York State Employees’ Retirement System, 279 App Div 315, 318, affd 304 NY 899), we conclude that it was the intent of the Legislature, upon its adoption, to codify existing case law. As a consequence, we apply the views expressed by the court in Carlo v Queens Tr. Corp. (supra) prior to amendment to determine whether the accident reports sought here — or some of them — were “multimotivated” and therefore subject to disclosure, or whether they were prepared solely for litigation, and thus privileged.
Defendants, of course, have the burden of proving the privileged character of the documents sought, and since the use and intended use of these materials are issues of fact, defendants’ mere conclusory statement that they were prepared solely for litigation is insufficient to sustain that burden. However, in view of the memorandum of the Legislature and what appears to be the disparate views *23 expressed in the Second Department, inter se, the defendant should be permitted “to present further and sufficient evidence to prove the use and intended use of the accident report(s) sought to be discovered by plaintiffs” (Carlo v Queens Tr. Corp., supra, at p 825).
Therefore, defendants may submit affidavits or othey evidentiary data in support of the privilege asserted as to each report within their custody or control, or within the custody or control of any insurer or agent of such insurer, within 30 days from service of a copy of the order to be entered herein, with notice of entry thereof. Defendants will also submit, for in camera inspection, copies of all such reports, whether they be direct reports, transcripts of telephone communications, or memoranda of communications. Thereafter, plaintiffs will have 20 days to respond. If the papers submitted are insufficient upon which to make a determination, a fact-finding hearing will be conducted to determine whether any individual report exists for “multiple purposes.”

 We note that Senator Stafford and Assemblyman Miller, as Chairmen of such committees, are also ex officio members of the Law Revision Commission (Report of the Law Revision Commission for 1980, McKinney’s Session Laws of NY, 1980, p 1597).