■ JOAN L. GRAF et al., Appellants, v MARGARET ALDRICH, Respondent. — Appeal from an order of the Supreme Court at Special Term (Bradley, J.), entered July 19, 1982 in Albany County, which granted defendant's motion for discovery of letters written by plaintiff Joan L. Graf to her physician. The underlying action is to recover damages for personal injuries resulting from a two-car automobile accident which occurred on December 5, 1977. Special Term granted defendant's motion pursuant to CPLR 3101 (subd [a]) and 3120 to compel discovery of four letters written by plaintiff Joan L. Graf to her physician, Dr. Roger Drew, rejecting her contention that although portions of the letters may be relevant, material and necessary, other portions are exempt from disclosure as material prepared for litigation (CPLR 3101, subd [d]). At the outset, we note that disclosure of the portions of the letters concerning injuries would be required under the rules of *Hoenig v Westphal* (52 NY2d 605) and *Bliven v Fischer* (80 AD2d 973). The crux of this appeal is whether Special

Term correctly refused to redact from these letters the nonmedical materials which plaintiff asserts are either material prepared for litigation (CPLR 3101, subd [d]), attorney's work product (CPLR 3101, subd [c]), or simply without relevance. Special Term enjoys a broad range of discretion in supervising disclosure (*Maggio v State of New York*, 88 AD2d 1087, 1088; *Jackson v Nelson*, 81 AD2d 677) and CPLR 3101 (subd [a]) mandates "full disclosure of all evidence material and necessary in the prosecution or defense of an action", which section is to be interpreted liberally in favor of disclosure (*Allen v Crowell-Collier Pub. Co.*, 21 NY2d 403, 406-407). Plaintiff insists that discovery should be limited solely to the portion of each letter pertaining to an account of the injuries. Having placed her physical condition in controversy, plaintiff clearly may not insulate from disclosure material necessary to the defense concerning that condition (see *Hoenig v Westphal*, 52 NY2d 605, 610, *supra*). The burden of demonstrating that particular items are immune from discovery is upon the party asserting immunity and the mere assertion that items constitute attorney's work product or material prepared for litigation will not suffice (*Koump v Smith*, 25 NY2d 287, 294; *Zimmerman v Nassau Hosp.*, 76 AD2d 921). Here, plaintiff argues that the letters are exempt as material prepared for litigation since they were written at her attorney's request solely to urge Dr. Drew to send a medical report to the attorney. While a reading of the letters shows they were in part motivated to obtain medical reports directed toward litigation, an additional motivation is readily apparent. In an affidavit, plaintiff conceded that the letters were submitted to Dr. Drew "to keep him abreast of my condition". The discussion of plaintiff's physical condition in each letter supports this assessment. In effect, the letters may be characterized as multimotivated and thus not exempt from discovery (see *Zimmerman v Nassau Hosp.*, 76 AD2d 921, *supra; Carlo v Queens Tr. Corp.*, 76 AD2d 824; *Chemical Bank v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 70 AD2d 837; Siegel, NY Prac., § 348, p 430). Moreover, plaintiff failed to disclose all of the medically related portions of the letters. This is significant since Dr. Drew clearly utilized the letters in forming his opinion of plaintiff's condition. Thus, Special Term's conclusion that Dr. Drew's use of these letters and reference to them in his report render them discoverable is correct. Nor are we persuaded by plaintiff's contention that the letters are exempt as attorney's work product (CPLR 3101, subd [c]) because they contain the attorney's instructions and impressions. The "work product" of an attorney is a very narrowly construed concept (*Chemical Bank v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 70 AD2d 837, *supra;* Siegel, NY Prac, § 347, p 426), including only materials prepared by an attorney, acting as an attorney, which contain his analysis and trial strategy (*Kenford Co. v County of Erie*, 55 AD2d 466, 470). Clearly, these letters do not fall within the "work product" exemption. Finally, since Dr. Drew's opinion derives in large part from the history of complaints and treatment outlined throughout the letters, a proper understanding of this material requires that defendant be allowed to review the material in context. Accordingly, we find no abuse of discretion in Special Term's order granting full disclosure. Order affirmed, without costs. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Weiss, JJ., concur.