■ Guy Zampatori et al., Appellants, v United Parcel Service et al., Respondents. — Order unanimously reversed, with costs, and plaintiffs' cross motion to compel discovery granted. Memorandum: Plaintiff Guy Zampatori was discharged after an investigation was conducted by his employer, United Parcel Service (UPS), into the disappearance of $3,600 from its Rochester office. During the investigation, plaintiff submitted to two polygraph examinations conducted by defendant Doyle Detective Bureau (Doyle) and was interviewed on four separate occasions by defendant Ronald Russo, an UPS investigator. Plaintiff alleges that UPS accused him of theft and that, after professing his innocence, he was subjected to an intentional, willful and malicious campaign of harassment by UPS, intended to coerce him into admitting culpability in the disappearance of the money. UPS maintains that it dis-

charged plaintiff for negligently performing his duties. Plaintiffs subsequently commenced this action for intentional infliction of emotional distress, negligence, libel, loss of consortium and abusive discharge. After issue was joined and a bill of particulars served, plaintiffs served interrogatories upon UPS. Two of the interrogatories requested all of the reports of the investigation compiled by UPS and copies of all of Doyle's reports furnished to UPS. UPS moved to strike these interrogatories and deny disclosure on the ground that the documents were prepared for litigation and, hence, were not discoverable pursuant to CPLR 3101 (subd [d], par 2). Plaintiffs cross-moved for an order compelling production of the requested documents. Special Term erred in granting UPS' motion to strike the interrogatories and deny disclosure. The burden to establish that the material sought was prepared in anticipation of litigation is upon the party asserting the privilege (*Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp.,* 56 AD2d 134). Moreover, to fall within the conditional privilege of CPLR 3101 (subd [d], par 2), the material sought must be prepared *solely* in anticipation of litigation (*Hawley v Travelers Ind. Co.,* 90 AD2d 684; *New England Seafoods of Amherst v Travelers Cos.,* 84 AD2d 676). "Mixed purpose reports are not exempt from disclosure under CPLR 3101 (subd [d], par 2)" (*Hawley v Travelers Ind. Co., supra;* see, also, *Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp., supra*). Here, it is inconceivable that a primary purpose of this investigation was not to identify and discipline the employees responsible for the loss or theft of the money. UPS admits that copies of the reports sought by plaintiffs are in the hands of its management. The investigation reports sought by plaintiffs could also be used by UPS to improve its security and prevent future losses. UPS has failed to carry its burden of demonstrating that the materials sought were prepared solely in anticipation of litigation and, thus, that the materials are subject to disclosure (see, e.g., *Post v Great Eastern Mgt. Corp.,* 52 AD2d 761). Special Term also erred in applying the "public interest privilege" to this case. This privilege attaches to "confidential communications between public officers, and to public officers, in the performance of their duties, where the public interest requires that such confidential communications or the sources should not be divulged" (*People v Keating,* 286 App Div 150, 153; see, also, *Cirale v 80 Pine St. Corp.,* 35 NY2d 113, 117). Here, no public official or governmental agency is involved, nor is the public interest; the sole competing interests are those of plaintiffs and UPS. (Appeal from order of Supreme Court, Monroe County, Corning, J. — discovery.) Present — Hancock, Jr., J. P., Callahan, Denman, Moule and Schnepp, JJ.