■ ANN C. SCHREINER et al., Respondents, v LONG ISLAND LIGHTING COMPANY, Appellant, and DOGWOOD HILLS, INC., Respondent

We find, as did Special Term, that the information encompassed in items Nos. 11 and 12 of the plaintiffs' notice for discovery and inspection is subject to disclosure pursuant to CPLR 3101 (g). Although LILCO maintains that the accident reports and other material specified in the plaintiffs' demand are not subject to disclosure because they were prepared by its claims department exclusively in anticipation of litigation *(see,* CPLR 3101 [d]), this court, in the seminal case of *Pataki v Kiseda* (80 AD2d 100, 104-105, *lv dismissed* 54 NY2d 831), recognized that "any written accident report, prepared in the regular course of business operations or practices, not for use in a criminal investigation or prosecution, is subject to full disclosure, *notwithstanding that it was prepared exclusively for use in litigation"* (emphasis added; *see also, Matos v Akram & Jamal Meat Corp.,* 99 AD2d 527; *Chemical Bank v National Union Fire Ins. Co.,* 70 AD2d 837).

The burden of demonstrating that particular items are exempt from discovery falls upon the party asserting the exemption *(see, Koump v Smith,* 25 NY2d 287, 294; *Graf v Aldrich,* 94 AD2d 823; *Zimmerman v Nassau Hosp.,* 76 AD2d 921). LILCO has simply failed to sustain its burden of demonstrating that the reports prepared by employees of its claims department immediately following the accident, and long before any lawsuit was commenced, constitute material which remains immune from disclosure pursuant to CPLR 3101 (d). Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.