# In the Matter of the GRAND JURY SUBPOENAS SERVED UPON JOHN DOE.

Supreme Court, New York County, August 11, 1988

## APPEARANCES OF COUNSEL

*Grand & Ostrow (J. Kelly Strader* of counsel), for petitioner. *Robert M. Morgenthau, District Attorney (Felicia A. Mennin* of counsel), for respondent.

### OPINION OF THE COURT

CAROL BERKMAN, J.

The Grand Jury of the County of New York has issued subpoenas duces tecum to the law firm of John Doe, P. C.[1] calling for the production of certain records. John Doe has moved, through counsel, to quash or modify the subpoenas pursuant to CPLR 2304, on the grounds that the records sought are protected from production by the attorney work product and attorney-client privileges (CPLR 3101 [c]; 4503 [a]).

For the reasons set forth herein, the motion to quash or modify is denied in part and granted in part.

The court has made an in camera inspection of approximately 109 files.

In regard to the contents of two of those files (Nos. 563 and 606) petitioner claims the attorney-client privilege as a bar to their disclosure. This claim is rejected. "[N]ot all communications to an attorney are privileged. In order to make a valid claim of privilege, it must be shown that the information sought to be protected from disclosure was a 'confidential communication' made to the attorney for the purpose of obtaining legal advice or services." *(Matter of Priest v Hennessy,* 51 NY2d 62, 69.) It is well settled that the party who asserts the attorney-client privilege has the burden of proving each of its elements. *(Bloodgood v Lynch,* 293 NY 308;

---

1. John Doe, P. C. is a pseudonym used to maintain the confidentiality of the professional corporation to which the subpoenas are directed.

*Matter of Priest v Hennessy, supra,* at 69.) In this case petitioner has failed to make any showing that the communications contained in these files were confidential or were not otherwise disclosed to third persons during the course of the litigation.

■ In regard to the remaining files, petitioner asserts the attorney work product privilege. The burden of demonstrating that these records are exempt from disclosure is likewise on the petitioner. *(Koump v Smith,* 25 NY2d 287, 294.)

With the exception of files numbered 507, 577, 583, 585, 587,[2] 588, 591, 600, 601, 602, 604, 605 and 606, petitioner's descriptive analysis characterizes the files as containing either the notes, comments, or research "of attorney (or one working on behalf of attorney)" regarding different aspects of the case.

Attorney work product is in general a narrowly construed concept. *(Graf v Aldrich,* 94 AD2d 823; *Chemical Bank v National Union Fire Ins. Co.,* 70 AD2d 837.) In this State the work product exemption has been limited "to those materials which are uniquely the product of a lawyer's learning and professional skills, such as materials which reflect his legal research, analysis, conclusions, legal theory or strategy." *(Hoffman v Ro-San Manor,* 73 AD2d 207, 211 [1st Dept 1980]; *see also, Matter of Grand Jury Subpoena [Bekins Stor. Co.],* 118 Misc 2d 173, 175, *affd in part* 94 AD2d 643, *revd in part* 95 AD2d 655.)

With respect to the records called for by item 1 of the subpoena dated November 4, 1987 (files numbered 500-506), item 4 of the subpoena dated December 23, 1987 (files numbered 557-572), and the subpoena dated May 19, 1988 (files numbered 606-609), the People have, in camera, made a sufficient showing of fraud to overcome any valid claim of attorney work product privilege.

Although there appears to be no reported New York State case applying the crime-fraud exception to the work product privilege in the context of a Grand Jury investigation, the exception has been so recognized by Federal jurisdictions. *(See, In re Doe Corp.,* 675 F2d 482 [2d Cir 1982]; *In re Sealed Case,* 676 F2d 793 [DC Cir 1982].)

Furthermore, extending the crime-fraud exception to attorney work product is also consistent with the rationale ex-

---

2. Petitioner's descriptive analysis does not include a statement of who authored the notes contained therein.

pressed by the Court of Appeals in *Matter of Grand Jury Proceedings (Doe)* (56 NY2d 348) where the assertion of the physician-patient or social worker-client privileges by a hospital was disallowed in connection with a Grand Jury investigation into possible crimes committed against patients by the hospital staff. The court stated that, "where the application of a privilege will not serve to further the legitimate purposes for which it was created, there is little reason to permit its invocation." *(Matter of Grand Jury Proceedings [Doe], supra,* at 352.)

Petitioner seeks to invoke the work product privilege as to records sought by a Grand Jury in connection with an ongoing investigation into corruption in the field of personal injury litigation. The attorney work product privilege was not, however, intended to shield an attorney's or his agent's fraud or otherwise impede investigation of criminal activity. Rather, the privilege exists primarily to protect from disclosure to party adversaries the attorney's mental thought process in determining the significance of evidence and the strategies and arguments he has developed in preparing a case for trial. *(See,* 3A Weinstein-Korn-Miller, NY Civ Prac ¶ 3104.43, at 31-157.)

Accordingly, the crime-fraud exception is applicable to these records.

Moreover, even absent a fraud exception in the context of a Grand Jury subpoena the work product privilege should be narrowly construed so as to include only those materials which are uniquely the product of an attorney's professional skill. In this context the privilege will not apply to material prepared by the attorney's agents unless *clearly* the product of the attorney's *close* direction. The privilege will further not extend to the notes, comments or research of an attorney which could as easily be the product of a nonlawyer. This is particularly so since the People have made a showing as to ongoing fraudulent behavior, albeit not specifically as to records other than those called for by items 1 and 4 and the May 19 subpoena.

The court therefore finds that the material contained in files numbered 507, 577, 584, 600, 601, 602, 604 and 605 constitute attorney work product and are exempt from disclosure. The remaining files, however, are not so protected.[3]

3. To the extent these findings are inconsistent with the court's decision

Accordingly, with the exception of the files for which the court has found the work product privilege applicable, the records are to be delivered to the District Attorney of New York County by 5:00 P.M. Thursday, August 18, 1988. The District Attorney is directed to serve this decision and order upon the movant personally by 5:00 P.M. Tuesday, August 16, 1988.

of August 24, 1987 *(Matter of Grand Jury Subpoenas Served Upon John Doe)* that decision is overruled.