Sinatra & Co. Real Estate, LLC v 1000 Elmwood Assoc., LLC (2022 NY Slip Op 04466)

Sinatra & Co. Real Estate, LLC v 1000 Elmwood Assoc., LLC

2022 NY Slip Op 04466

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., LINDLEY, CURRAN, WINSLOW, AND BANNISTER, JJ.

386.1 CA 21-01354

[*1]SINATRA & COMPANY REAL ESTATE, LLC, AND ELMWOOD RETAIL GROUP, LLC, PLAINTIFFS-RESPONDENTS,
v
1000 ELMWOOD ASSOCIATES, LLC, ET AL., DEFENDANTS.  KLW APPRAISAL GROUP, INC., AND S & T BANK, NONPARTY APPELLANTS. 

GOLDMAN ATTORNEYS PLLC, ALBANY (ERIKA C. BROWNE OF COUNSEL), FOR NONPARTY-APPELLANTS. 
GOMEZ LAW, LLC, BUFFALO (RAFAEL O. GOMEZ OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Emilio Colaiacovo, J.), entered September 10, 2021. The order denied the motion by nonparty appellants KLW Appraisal Group, Inc. and S & T Bank to quash a subpoena issued by plaintiffs. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action against defendants asserting causes of action for, inter alia, breach of contract and fraud in connection with plaintiffs' purchase of certain properties from defendants in 2017. Nonparty S & T Bank (S & T) provided financing to plaintiffs in connection with that acquisition based in part on appraisals performed by nonparty KLW Appraisal Group, Inc. (KLW). After taking ownership of the properties, plaintiffs came to believe that defendants had misrepresented, among other things, the rent rolls and square footage areas associated with various tenancies, the good working order of the electrical systems, and the structural integrity of roofs at the properties.
In 2020, after this litigation was commenced, KLW's appraiser returned to further inspect the properties on behalf of S & T to provide updated appraisals. During that inspection, plaintiffs allegedly provided the appraiser with information about the properties that plaintiffs had not known in 2017. An attorney for plaintiffs subsequently contacted the appraiser, who stated that he would need clearance from S & T to discuss his appraisals with the attorney. The attorney averred that the appraiser nevertheless indicated that, during his 2020 inspection of the properties, he saw issues that, if they had been identified in 2017, would have caused him to "appraise[] [one of the properties] entirely differently."
Plaintiffs served a subpoena on KLW seeking, inter alia, the 2020 appraisal reports. S & T objected to the disclosure, asserting, among other things, that the appraiser's work in 2020 was privileged because it was done in anticipation of litigation (see CPLR 3101 [d] [2]) and for the purpose of having the appraiser render an expert opinion to S & T. S & T and KLW moved to quash the subpoena, and they now appeal from an order denying their motion. We affirm.
"[T]o fall within the conditional privilege of CPLR 3101 (subd [d], par 2), the material sought must be prepared solely in anticipation of litigation . . . 'Mixed purpose reports are not exempt from disclosure under CPLR 3101 (subd [d], par 2)' " (Zampatori v United Parcel Serv., [*2]94 AD2d 974, 975 [4th Dept 1983]; see Tenebruso v Toys 'R' Us-NYTEX, 256 AD2d 1236, 1237-1238 [4th Dept 1998]). "When a party claims that particular records or documents are exempt or immune from disclosure, the burden is on the party asserting such immunity
. . . This burden is imposed because of the strong policy in favor of full disclosure" (Central Buffalo Project Corp. v Rainbow Salads, 140 AD2d 943, 944 [4th Dept 1988]; see Koump v Smith, 25 NY2d 287, 294 [1969]), and it " 'cannot be satisfied with wholly conclusory allegations' " (Madison Mut. Ins. Co. v Expert Chimney Servs., Inc., 103 AD3d 995, 996 [3d Dept 2013]).
We conclude that S & T and KLW failed to meet their burden on their motion inasmuch as their assertion of the conditional privilege afforded by CPLR 3101 (d) (2) was conclusory. S & T and KLW offered nothing more than their determination that the 2020 appraisal reports were prepared in anticipation of litigation. They failed to provide either to plaintiffs or to the court, in camera, copies of the engagement letters between S & T and KLW or any privilege log identifying the materials they claimed should be withheld (see CPLR 3122 [b]). "[A] court is not required to accept a party's characterization of material as privileged or confidential" (John Mezzalingua Assoc., LLC v Travelers Indem. Co., 178 AD3d 1413, 1415-1416 [4th Dept 2019] [internal quotation marks omitted]).
We have reviewed S & T's and KLW's remaining contentions and conclude that they are without merit.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court