Marshall E. Livingston, J.
This is a motion by plaintiff in Action No. 1 and defendants in Aetioh No. 2 for a protective order pursuant to CPLR 3103 against the examination before trial of the moving parties wherein they were directed to produce at the examination “ 4. Copies of all reports of investigations Of the operation of said motel and restaurant and of the performance by Frank Gr. Shattuck Company or any of its representatives, agents or employees under said Franchise Agreement.”
Action No. i seeks to rescind a franchise agreement entered into between the parties and damages. Action No. 2 is for goods sold and delivered, services rendered, and for damages sustained by the rescission of the franchise agreement. The actions have been previously consolidated by court order.
The plaintiff in Action No. 1 and the defendants in Action No. 2 shall be referred to as “ Corona” and the defendant in Action No. 1 and the plaintiff in Action No. 2 shall be referred to as “ Shattuck” in this decision.
Corona’s affidavit upon the motion alleges that the reports of investigations made by it were prepared solely for the purpose of litigation and hence come within the exemption from disclosure provided by CPLR 3101 (subd. [d], par. 2).
Corona claims and its verified pleadings allege generally that Shattuck’s supervisory employees of Corona’s motel and restaurant were incompetent, and pursuant to the franchise agreement, *1067 Shattuck failed to provide competent supervisory employees so that Corona was justified in rescinding the agreement. Shattuck on the other hand claims and its verified pleadings allege that it faithfully performed the franchise agreement and that Corona did not.
Corona bases its rescission in part on an investigation it caused to be made of the operation of the motel and restaurant and of the performance of Shattuck’s employees under the franchise agreement.
Shattuck asserts that the reports of the investigations were not in preparation for litigation, but were “ for the purpose of forming a business judgment; namely, whether or not to terminate the franchise agreement ” (Atwater affidavit, p. 4).
This situation is not comparable to an accident, fire or burglary claim where investigations are made after the occurrence. The investigation was made during the operation of the motel under the agreement to determine whether or not the franchise agreement was being violated by Shattuck. It does not follow that it was made in the ordinary course of business and thus is without the protection of CPLR 3101 (subd. [d], par. 2).
On the contrary, the litigation was commenced by Corona based in part by these very reports concerning the management and operation of the motel and restaurant. Corona’s investigation was not in any sense, as I view it, made in the “ regular course of business nor could it be said that Corona was in the business of getting reports to build a file if litigation should arise in the future. These investigations, which it is alleged were made for this special purpose and had never before or since been conducted on the premises, are to be distinguished from employee reports made in the usual course of business (see Bloom v. New York City Tr. Auth., 20 A D 2d 687; De Vito v. New York Cent. R. R. Co., 32 Misc 2d 494, affd. 3 A D 2d 692; and Welch v. Globe Ind. Co., 25 A D 2d 70).
These reports were in my judgment ‘ material prepared for litigation” within the meaning of CPLR 3101 (subd. [d]) and may not be made available to Shattuck (see Kandel v. Tocher, 22 A D 2d 513; and Siegel, Work Product or Litigation Material: the CPLR’s Major Headache, McKinney’s Cons. Laws of N. Y., Book 7B, CPLR 3101 to 3400 [1965 Supp., p. 11]) failing a showing (1) that the material can no longer be duplicated because of a change in conditions and (2) that withholding it will result in injustice or undue hardship.
Shattuck here has not shown that the material cannot be duplicated. The investigation was presumably made of its own employees who were supervising the operation of the premises. *1068 Are these men now deceased, not employed by Shattuck, or .not available for some reason! The answering affidavit merely concludes that information of Shattuck’s performance under the franchise agreement cannot be duplicated. Conceding that disclosure as to its performance might well be crucial to Shat-tuck, how does the withholding of such information result in injustice or undue hardship to Shattuck, which presumably knew or should have known what its own employees were doing under the franchise agreement here in suit.
Actually what Corona has in its possession is no different than statements from witnesses in the possession of a liability insurance carrier obtained prior to the commencement of an action, and such reports are not subject to discovery when there is no showing that the material can no longer be duplicated and the withholding of it will result in injustice or undue hardship (Zavaglia v. Engert, 23 A D 2d 790 [2d Dept.]).
Corona’s motion is granted, without costs and without prejudice, however, to a renewal by Shattuck upon a proper showing that the material can no longer be duplicated and withholding it will result in injustice or undue hardship.
Submit order approved as to form or settle on notice.