VERA O'NEILL, Respondent, *v.* MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY, Appellant.

FLOSSIE M. ROLLINS, as Administratrix of the Estate of JAMES R. ROLLINS, Deceased, et al., Respondents, *v.* MANHATTAN AND BRONX SURFACE TRANSIT OPERATING AUTHORITY et al., Appellants.

First Department, March 7, 1967.

*Stuart Riedel* of counsel (*Ludwig S. Mlott* with him on the brief; *Sidney Brandes,* attorney), for appellants.

*Carl Radin* of counsel (*Mitchel & Radin,* attorneys), for Vera O'Neill, respondent.

*Herman Schmertz* of counsel (*Gair & Gair,* attorneys), for Flossie M. Rollins and another, respondents.

Steuer, J. The appeals herein are from a determination of the Appellate Term which affirmed an order of the Civil Court (47 Misc 2d 765) and from an order of Special Term of the Supreme Court. Both orders deny motions for protective orders. While there is some slight difference in the underlying factual situations, that difference is not material to the legal issue presented and, for the purposes of this appeal, the situations are deemed indistinguishable and hence considered together. Hereinafter discussion will be framed as if only one appeal is considered, it being understood that the discussion applies to both.

The action is in negligence and plaintiffs are suing a public transportation bus company. They seek the production of a report of the accident by the bus driver. It appears without contradiction that a bus driver in this defendant's employ who is involved in an accident is required to fill out two documents. One is the statutory motor vehicle accident report, which is not here involved. The other, which is the subject of this application, is a report to defendant's attorney and is mailed directly to him. The undisputed proof is that this report is not made to any managing or supervisory employee or officer of defendant, nor is it ever revealed or made available to any such person. It is received and kept by the attorney, and used by him exclusively in preparation for the defense of any action which may result from the accident reported. As such, it is a writing created by the agent for a party in preparation for litigation, and hence not subject to disclosure (CPLR 3101, subd. [d], par. 2).

Some confusion seems to have arisen from the construction of Judge Breitel's comprehensive opinion in *Kandel* v. *Tocher* (22 A D 2d 513). That case involved the reports made by an insured driver to his insurance carrier. It was held that they are not generally discoverable, in accord with similar decisions (*Finegold* v. *Lewis,* 22 A D 2d 447). It was there pointed out that reports of employees of a public utility as to an accident may have a variety of uses. In addition to their availability and value in the defense of actual or threatened litigation, such reports may be the basis of disciplinary action against an inexcusably careless employee, or they may be used to discover dangerous practices and assist in the promulgation of safety

rules. If the reports are so used, then they are not matter prepared for litigation and are discoverable (*Bloom* v. *New York City Tr. Auth.*, 20 A D 2d 687). In this connection, it would not be the actual use to which the particular report was put that would be significant. If the practice of the utility was to have the reports available for uses other than litigation, they are not protected. *Kandel* left open the question of whether the reports are protected by the attorney-client relationship or one analogous to it (see Weinstein-Korn-Miller, N. Y. Civ. Prac., par. 3101.50b). It was not necessary for decision there, nor is it here.

Here the showing was conclusively to the contrary of plaintiffs' contentions. Defendant's practice is of long standing, even antedating the adoption of CPLR. It was adopted pursuant to the advice of counsel for defendant and for the avowed purpose of keeping these reports confidential.

Concededly defendant does make inquiry into the happening of certain accidents for the purpose of avoiding practices likely to produce them and eliminating personnel prone to cause them. Any writings produced in the course of such investigations, either by way of report or notes of the persons engaged in the investigation, would be discoverable and plaintiffs are by no means precluded from seeking to obtain them if any such investigation of this accident was conducted by defendant. So also would oral reports of this accident, if any were made, be available through the medium of examination before trial of the person making or receiving it, provided that a proper foundation in accord with the views herein expressed be laid.

The order of the Appellate Term entered June 2, 1966, affirming an order of the Civil Court, and the order of the Supreme Court entered June 15, 1966, both orders denying defendants' applications for protective orders, should be reversed on the facts and the law, and the respective motions granted, without costs.

BOTEIN, P. J., McNALLY and BASTOW, JJ., concur.

Determination of the Appellate Term unanimously reversed, on the law and on the facts, without costs and without disbursements, and defendant's motion granted.

Order entered on June 15, 1966, unanimously reversed, on the law and on the facts, without costs and without disbursements, and defendants' motion granted.