Howard A. Zeller, J.
This negligence action, commenced on September 13, 1974, arises from an automobile-bicycle collision on August 22, 1974. On October 1, 1975 plaintiffs served on defendants a notice to produce all liability or indemnity insurance agreements or policies insuring defendants in this action. The notice was served pursuant to CPLR 3101 (subd [f]) enacted by chapter 668 of the Laws of 1975 effective August 6, 1975.
CPLR 3101 (subd [f]) provides: "A party may obtain discovery of the existence and contents of any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment. Information concerning the insurance agreement is not by reason of disclosure admissible in evidence at trial. For purpose of this subdivision, an application for insurance shall not be treated as part of an insurance agreement.”
Defendants move to vacate the notice to produce on the ground that the new section only applies to causes of action arising after August 6, 1975. Plaintiffs cross-move to compel defendants to comply with the notice to produce.
As a general rule statutes are applied prospectively. (McKinney’s Cons Laws of NY, Book 1, Statutes, § 51.) Remedial statutes constitute one exception to the general rule (Statutes § 54), and procedural statutes constitute another exception, (Statutes, § 55). Generally, procedural statutes will be applied to pending actions except where their effect is to create a remedy where none previously existed. (City of Coming v Corning Police Dept., 81 Misc 2d 294.)
On September 1, 1963 when the CPLR replaced the Civil Practice Act and the Rules of Civil Practice, the Legislature in CPLR 10003 provided: "This act shall apply to all actions hereafter commenced. This act shall also apply to all further *60 proceedings in pending actions, except to the extent that the court determines that application in a particular pending action would not be feasible or would work injustice, in which event the former procedure applies. Proceedings pursuant to law in an action taken prior to the time this act takes effect shall not be rendered ineffectual or impaired by this act.”
Over the years many parts of the CPLR have been applied to "further proceedings in pending actions”.
CPLR 3101 (subd [f]) merely expands the scope of disclosure to allow discovery of a defendant’s liability and indemnity insurance coverage. It is an aid in settlement of actions and in that sense it is remedial. It has no legal effect upon the trial of actions. It will not affect any prior proceedings taken in this action nor work an injustice.
CPLR 3101 (subd [f]) is applicable to this action.
Defendant’s motion to vacate the notice to produce should be denied and plaintiffs’ cross motion to compel compliance with the notice to produce should be granted.