ANTHONY M. PATAKI, as Administrator of the Estate of MARGARET PATAKI, Deceased, Respondent, v JAMES KISEDA et al., Defendants, and STEVEN W. CARROLL et al., Appellants.

Second Department, April 13, 1981

APPEARANCES OF COUNSEL

*Vincent P. Nesci, P. C. (Brian J. Daly* on the brief), for appellants.

*Finkelstein, Mauriello, Kaplan & Levine (Judith L. Lubinsky* and *Duncan W. Clark* of counsel), for respondent.

OPINION OF THE COURT

WEINSTEIN, J.

This appeal places before this court a rather unusual situation in which two subdivisions of the same section of the CPLR, when read together, appear to require directly contradictory actions. The subdivisions in question are subdivision (d) (par 2) and subdivision (g) of CPLR 3101,

and the subject of this appeal is the discoverability of an accident report which was apparently prepared exclusively in preparation for litigation.

On April 16, 1978 Margaret Pataki was killed when the automobile in which she was riding collided with a bus driven by appellant Steven Carroll and operated by appellant Liberty Lines. Anthony Pataki, as administrator of the estate of the deceased, brought this action to recover damages for wrongful death and conscious pain and suffering.

The plaintiff served a notice to take deposition upon oral examination upon the bus driver and the bus company. He requested that they produce at the examination, among other items, "[a]ny and all inter-company reports of the accident". The appellants moved for a protective order with respect to such reports, admitting that driver Carroll had made such a report, but maintaining that since it was sent directly to counsel and made a part of its litigation files, it was protected from discovery by subdivision (d) (par 2) of CPLR 3101. Plaintiff opposed the motion, asserting that the movants had not set forth sufficient proof that the only report made was prepared exclusively for litigation. Special Term denied the motion for a protective order, and the bus driver and bus company now appeal.

The order from which this appeal is taken was made July 31, 1980. At that time, the controlling law was indeed subdivision (d) (par 2) of CPLR 3101, which provided that "any writing or anything created by or for a party or his agent in preparation for litigation" was not discoverable, absent certain conditions not present here. This provision, as interpreted by the courts, was limited to reports created *exclusively* in preparation for litigation (see *Braun v Great Atlantic & Pacific Tea Co.*, 67 AD2d 898; *Soifer v Mount Sinai Hosp.*, 63 AD2d 713; *O'Neill v Manhattan & Bronx Surface Tr. Operating Auth.*, 27 AD2d 185). As noted by this court in *Carlo v Queens Tr. Corp.* (76 AD2d 824), "[i]f such documents are intended for purposes beyond that of litigation, e.g., as efficiency reports, or disciplinary or personnel records, they are 'Multi-motived' and do not warrant immunity" (see, also, *Mold Maintenance Serv. v*

*General Acc. Fire & Life Assur. Corp.*, 56 AD2d 134; *Kaiser v South Nassau Communities Hosp.*, 58 AD2d 643; *Millen Inds. v American Mut. Liab. Ins. Co.*, 37 AD2d 817; *Green v Carey Transp.*, 38 AD2d 711). In addition, the burden was on the party seeking the protective order to show that the report was intended exclusively for litigation (see *Koump v Smith*, 25 NY2d 287; *Chemical Bank v National Union Fire Ins. Co. of Pittsburgh, Pa.*, 70 AD2d 837).

Such was the state of the law at the time the order in question was made. We note, as appellants urge, that the facts are virtually indistinguishable from those in *O'Neill v Manhattan & Bronx Surface Tr. Operating Auth. (supra)*, and since discovery was denied there, it may be that Special Term herein erred in construing the law in effect at the time it considered this matter. But we need not reach a conclusion on that particular question, because subsequent to the decision at Special Term, but prior to the submission of this appeal to this court, subdivision (g) of CPLR 3101 became effective (see L 1980, ch 283). That subdivision provides that "[e]xcept as is otherwise provided by law, in addition to any other matter which may be subject to disclosure, there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity, unless prepared by a police or peace officer for a criminal investigation or prosecution and disclosure would interfere with a criminal investigation or prosecution." The general rule is that procedural statutes which do not have the effect of creating a new remedy are retroactively applied (see *Matter of Beary v City of Rye*, 44 NY2d 398, 410; *Matter of Clayton v Clement*, 33 NY2d 386; McKinney's Cons Laws of NY, Book 1, Statutes, § 55; cf. *Shielcrawt v Moffett*, 294 NY 180); indeed, this rule has been interpreted to require retroactive application of another subdivision of CPLR 3101 (see *Verley v Trudeau*, 84 Misc 2d 58). We therefore hold that subdivision (g) should be considered in the determination of this appeal; our analysis will treat both subdivision (d) (par 2) and subdivision (g) as applicable law. Accordingly, the cases cited above dealing with

discoverability of reports prepared partially or exclusively for litigation, but decided before the effective date of subdivision (g), are no longer of value as precedent in determining the issue before this court. New analysis of the issue is necessary. The question is whether the sweeping language of subdivision (g) renders discoverable the report in question even if it had been prepared exclusively for litigation.

We note immediately the inherent anomaly which has been spawned by the enactment of subdivision (g). A written accident report prepared in the regular course of business operations for use solely in preparation for litigation is now discoverable under subdivision (g) but protected from discovery by subdivision (d) (par 2)! This inherent contradiction has been noted by Professor Siegel in his Supplementary Practice Commentaries to the CPLR (McKinney's Cons Laws of NY, Book 7B, 1980-1981 Pocket Part, CPLR, C3101:33, pp 8-10), but we are aware of no court which has, during the brief life of subdivision (g), issued an authoritative ruling on the relative priority to be afforded the two subdivisions. The answer to this question of relative priority will provide us with the proper disposition of this appeal.

The answer, in our view, is that when subdivision (d) (par 2) and subdivision (g) come in direct conflict, subdivision (g) is to be controlling. All accident reports, *whether or not prepared exclusively in preparation for litigation*, are discoverable. We reach this conclusion primarily on the basis of the wording of the respective subdivisions. Subdivision (d) (par 2) is a broad statute, extending to anything prepared for litigation, including much more than accident reports. Subdivision (g) speaks specifically of accident reports, and from its more limited and precise focus, it can be inferred that within its narrow scope, it is to be paramount to other, broader provisions. On the other hand, within that narrow scope, subdivision (g) encompasses all accident reports regardless of purpose, with one narrow exception dealing with criminal investigations or prosecutions. No exception is listed for reports prepared exclusively for litigation. It would seem that the paramount intention of the Legislature was to render *all* accident re-

ports not falling within that one exception discoverable. Therefore, even though our decision weakens the force of subdivision (d) (par 2), we feel that it best reflects the intention of the Legislature; when construing statutes, "if there is an irreconcilable conflict, the court must preserve the paramount intention although this may lead to the rejection of some subordinate and secondary provision" (McKinney's Cons Laws of NY, Book 1, Statutes, § 98, subd b). Our conclusion is shared by Professor Siegel, who opines that "[s]ince there is nothing in subdivision (g) to immunize the report even if made solely for litigation, the fact that it had that sole motive * * * would still not insulate it, and disclosed it would have to be" (Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, 1980-1981 Pocket Part, CPLR, C3101:33, p 9). In addition, we feel that broad construction of discovery statutes best reflects the spirit of CPLR 104, which demands liberal construction of the CPLR leading to the "just, speedy and inexpensive determination of every civil judicial proceeding."

A few words are necessary, however, in order to discuss the practical effect of the opening words of subdivision (g), "[e]xcept as is otherwise provided by law". It could plausibly be argued that subdivision (g) is intended to be subordinate to subdivision (d) (par 2). But we believe that this is not the case. It seems that if the Legislature wished to subordinate one subdivision to another subdivision within the same section, it would have made a more explicit reference to the other section than it did. We read the clause "[e]xcept as is otherwise provided by law" to refer to some other provision which the Legislature may or may not have had in mind when enacting the statute, but which is not to be found within the statutes dealing with discovery. And at any rate, the words "in addition to any other matter which may be subject to disclosure", which are found in subdivision (g), evince an intention on the part of the Legislature to expand, rather than contract, the right of discovery as much as possible. We hold, then, that any written accident report, prepared in the regular course of business operations or practices, not for use in a criminal investigation or prosecution, is subject to full disclosure, notwithstanding

that it was prepared exclusively for use in litigation. We note that subdivision (d) (par 2) of CPLR 3101 continues to retain its full force with respect to matters other than accident reports. Accordingly, the accident report prepared by the appellants herein, and forwarded to their counsel, is subject to disclosure to the plaintiff.

We have considered the other arguments raised by the appellants, and have found them to be devoid of merit. Therefore, the order under review must be affirmed.

MOLLEN, P. J., HOPKINS and TITONE, JJ., concur.

Order of the Supreme Court, Dutchess County, dated July 31, 1980, affirmed, with $50 costs and disbursements.