■ VITO VAVALLO, Appellant, v CONSOLIDATED EDISON CO. OF NEW YORK, INC., Defendant and Third-Party Plaintiff-Respondent. NEW YORK TELEPHONE CO., Third-Party Defendant-Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Jordan, J.), dated July 14, 1980, as (1) determined that (a) third-party defendant New York Telephone Company had complied with a prior order of the same court, dated March 3, 1980; and (b) the notes prepared by an investigator of the third-party defendant were not discoverable; and (2) failed to direct a hearing concerning the purposes of the third-party defendant's "Accident Desk". Order modified by deleting therefrom the provision holding that the notes of the third-party defendant's investigator were immune from discovery and by adding thereto a provision that there shall be a hearing with respect to the purposes of the third-party defendant's "Accident Desk". As so modified, order affirmed insofar as appealed from, without costs or disbursements, and the case is remitted to Special Term for a hearing before a Judge other than the one who made the order under review, in accordance herewith. We find that, under the circumstances of this case, Special Term should hold a hearing at which time the third-party defendant will be required to disclose the purposes of its "Accident

Desk" and, if it is established that the purpose of the "Accident Desk" was to routinely receive accident reports, what reports, if any, were filed with such desk in regard to the plaintiff's accident. Written accident reports prepared in the regular course of business are subject to disclosure (see CPLR 3101, subd [g]; *Pataki v Kiseda,* 80 AD2d 100). Further, Special Term should make its determination regarding the discoverability of the notes of the investigator of the third-party defendant in light of this court's decision in *Pataki v Kiseda (supra).* Rabin, J. P., Gulotta, Cohalan and Bracken, JJ. concur.