■ HERBERT COOKS, as Assignee for the Benefit of Creditors of TRU-FIT KNITWEAR, INC., Appellant-Respondent, v BRONSON TREVOR, JR., Respondent-Appellant. — In an action by an assignee for the benefit of creditors, *inter alia*, to set aside a transfer of property, (1) the plaintiff appeals from so much of an order of the Supreme Court, Kings County (Leone, J.), dated April 17, 1980, as (a) dismissed the complaint and (b) granted defendant's motion for summary judgment on his first counterclaim, to the extent of permitting defendant to file a general claim against the assignor's estate for a specified sum, and (2) the defendant cross-appeals from so much of the same order as denied his motion for summary judgment on his third counterclaim. Order reversed insofar as appealed from, on the law, without costs or disbursements, and defendant's motion to dismiss the complaint and for summary judgment is denied. The record discloses issues of fact which preclude the granting of summary judgment. Damiani, J. P., Titone, Mangano and Gibbons, JJ., concur.

■ CORNELL MANUFACTURING COMPANY, INC., Appellant, v SIDNEY B. MUSHLIN et al., Respondents, et al., Defendants. — In an action to recover damages from former employees for self-dealing and wasting corporate assets, plaintiff appeals from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered March 6, 1981, as granted a motion by defendants Mushlin to compel plaintiff to produce certain documents. Order modified by adding thereto a provision denying the motion with respect to all statements acquired by plaintiff's attorney from plaintiff's employees. As so modified, order affirmed insofar as appealed from, without costs or disbursements. Plaintiff's time to produce the remaining documents is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. The statements taken by plaintiff's attorney from plaintiff's employees are privileged under CPLR 3101 (subd [c]) and are protected from disclosure (see *Pataki v Kiseda*, 80 AD2d 100; *Upjohn Co. v United States*, 449 US 383). We have considered plaintiff's other contentions and find them to be without merit. Lazer, J. P., Rabin, Cohalan and Margett, JJ., concur.