■ VALENTIN MOGOLLON, Respondent, v SOUTH AFRICAN MARINE CORP., INC., Appellant. — In a personal injury action, defendant appeals from two orders of the Supreme Court, Kings County (Rader, J.), the first, dated March 9, 1981, *inter alia,* directed it to furnish plaintiff with a copy of a certain statement, and the second, dated June 9, 1981, denied its motion to strike plaintiff's interrogatories. Orders affirmed, with one bill of $50 costs and disbursements. Defendant's time to furnish a copy of the statement and to answer the interrogatories is extended until 20 days after service upon it of a copy of the order to be made hereon, with notice of entry. The document in issue is an accident report prepared by the investigator employed by the

attorney for the defendant. The report is based on the oral account of one of defendant's employees given on the day of the accident. The document is not an attorney's work product protected by CPLR 3101 (subd [c]), since the report could have been made by a lay person (see *Hoffman v Ro-San Manor,* 73 AD2d 207; *Wolf v Davis,* 108 Misc 2d 19; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:28). Nor is the report protected from disclosure under CPLR 3101 (subd [d]), since it was not prepared exclusively for litigation (see *Pataki v Kiseda,* 80 AD2d 100, mot for lv to app dsmd 54 NY2d 831; *Braun v Great Atlantic & Pacific Tea Co.,* 67 AD2d 898). Damiani, J. P., Titone, Gulotta and Bracken, JJ., concur.