OPINION OF THE COURT
John R. Tenney, J.
In this case, the right to examine statements or reports made by an insured to an insurance company is placed at issue. There are three written reports involved. One is a note allegedly sent by an employee to the defendant’s executive director. Since the affidavits indicate that this note is not available, it will not be considered in this proceeding. The other two statements were prepared at the insistence of the defendant’s insurance carrier. Thus, in this case there is brought into issue an apparent conflict between CPLR 3101 (subd [d]) and 3101 (subd [g]). Subdivision (d) states in part:
“The following shall not be obtainable unless the court finds that the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship * * *
“2. any writing or anything created by or for a party or his agent in preparation for litigation.”
Various cases address the problem, and the statute was interpreted to read that if the writing was prepared exclusively for litigation, it was protected. (See Nicholson v Henderson, 29 AD2d 939; Matter of Weaver v Waterville Knitting Mills, 78 AD2d 574.) Inquiry was permitted to *383 determine the circumstances under which the item was secured and prepared. (Corona Cts. v Shattuck Co., 50 Misc 2d 1066.) On the other hand, if a report was prepared for the benefit of an employer as part of his regular course of business, it has been held to be discoverable. (Moon v MacKay, 64 AD2d 1022; Bojanek v Niagara Frontier Tr. System, 25 AD2d 486.) See Weisgold v Kiamesha Concord (51 Misc 2d 456) where a report was subject to discovery even though it was sent directly to an attorney.
However, statements made to a liability insurance carrier have been generally held to be immune from disclosure. (Kandel v Tocher, 22 AD2d 513; Finegold v Lewis, 22 AD2d 447.) The question before the court is whether the principles established by these cases were intended to be changed by the passage of CPLR 3101 (subd [g]) which states: “Accident reports. Except as is otherwise provided by law * * * there shall be full disclosure of any written report of an accident prepared in the regular course of the business operations or practices of any person, firm, corporation, association or other public or private entity”.
In Pataki v Kiseda (80 AD2d 100) the court held that if there is a conflict between CPLR 3101 (subd [d]) and 3101 (subd [g]), subdivision (g) is to be controlling. Thus, it was concluded (at p 103), “all accident reports, whether or not prepared exclusively in preparation for litigation, are discoverable.” This conclusion acknowledged an existing policy consideration which mandates a broad construction of the discovery rules and a liberal interpretation of the appropriate statutes to facilitate the determination of civil disputes. (See Chaplin v Pathmark Supermarkets, 107 Misc 2d 541; Hoenig v Westphal, 52 NY2d 605 [discoverability of an attending physician’s report].)
A different conclusion was reached in Masters v Hassenpflug (110 Misc 2d 998) in that an accident report to an insurance company was found to be immune from disclosure. In making this determination, Supreme Court Justice Hughes relied upon the legislative history of CPLR 3101 (subd [g]) which allegedly intended to be a codification of the case law as indicated by the comments of the bill’s sponsor. (NY Legis Ann, 1980, p 131.) Justice Hughes (at p 1002) also felt bound by “16 years of carefully *384 reasoned decisional law beginning with Judge Breitel’s decision in Kandel v Tocher (22 AD2d 513, supra)”.
Thus, there is a judicial conflict in the interpretation of these two parts of section 3101. The Legislature intends to continue the rules protecting material prepared exclusively for litigation. (NY Legis Ann, 1980, p 131.) However, section 3101 (subd [g]) appears to be a departure if the written material is in the nature of an accident report. The reasoning being that accident reports normally result from the regular internal operation of an enterprise and are generally not prepared exclusively for litigation. (NY Legis Ann, 1980, p 131.)
Earlier cases suggest that this conclusion had judicial support. In Bloom v New York City Tr. Auth. (20 AD2d 687), a public carrier was required to produce reports and statements of employees about the accident when the carrier was being sued. Judge Breitel saw no inconsistency because the materials constituting the accident reports were part of a normal business routine. (Kandel v Tocher, 22 AD2d 513, 516, supra.) He cited other authorities for his position: Weinstein-Korn-Miller (NY Civ Prac, vol 3, par 3103.54); Professor David Siegel, Practice Commentaries (McKinney’s Cons Laws of NY, Book 7B, CPLR).
The court in Pataki v Kiseda (80 AD2d 100, 104, supra) gives credence to the same authorities: “since there is nothing in subdivision (g) to immunize the report even if made solely for litigation, the fact that it had that sole motive * * * would still not insulate it, and disclosed it would have to be”. (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:33, 1980-1981 Pocket Part, p 9.) Siegel in a subsequent report recognized the liberalizing effect of this decision (Pataki v Kiseda, supra) and commented that “not even an exclusive litigation motive can immunize the report”. (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C3101:33, 1981-1982 Pocket Part, p 8.)
The distinction and the reasoning of Judge Breitel in Kandel (supra) for granting immunity to an accident report made to an insurance company was presented as a policy consideration. “It is of the greatest importance that *385 an insured be encouraged to make complete and candid disclosure to his liability insurer” almost as if there were an attorney-client relationship. (Kandel v Tocher, 22 AD2d 513, 517, supra.)
It seems that so far as an accident report is concerned, this is no longer a valid argument. Logically and practically, almost all persons have some sort of liability insurance. Universally, as part of the regular course of business, insurance carriers require insureds to prepare and file accident reports whenever an accident occurs in which they are involved or related. To make the statement only admissible if it can be found to be prepared to serve some other purpose (3A Weinstein-Korn-Miller, NY Civ Prac, pars 3101.50, 3101.50b) appears to be contrary to the legislative intention and will only create further confusion.
Although Pataki v Kiseda (supra) is criticized by Justice Hughes as an improper sweeping away of 16 years of decisional law by a legislative enactment which was only intended to codify existing case law (Masters v Hassenpflug, supra, p 1002), it seems a more appropriate analysis of the legislative intention.
Every statement of a witness taken by an insurance company in the course of its investigation may not be an accident report and may be protected “material prepared for litigation”. However, a written statement which relates the facts of an accident is subject to discovery within the limitations of CPLR 3101 (subd [g]) whether furnished to the employer or the insurance carrier and shall be considered in either case a report prepared in the regular course of business.
Therefore, the motion for discovery of the statements acquired by the defendant at the request of its insurance carrier is granted, and the reports are to be submitted to the plaintiff for examination.