opinion of the court
Jules L. Spodek, J.
Plaintiff moves to compel defendants to produce accident and investigative reports relating to the incident which is the subject matter of this lawsuit. The defendants contend that investigative and accident reports given to the insurer exclusively for use in litigation are not subject to discovery.
CPLR 3101 (subd [g]) which became effective September 1, 1980, governs the disclosure of accident reports and provides as follows: “Except as is otherwise provided by law, in addition to any other matter which may be subject to disclosure, there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity, unless prepared by a police or peace officer for a criminal investigation or prosecution and disclosure would interfere with a criminal investigation or prosecution.”
A prior version of subdivision (g) was passed during the legislative session, but was vetoed by the Governor on June 11, 1979. That vetoed version provided: “Accident *1011 reports or investigative statements that result from the regular internal operation of an enterprise, authority, business, association, not-for-profit corporation, municipality, school district, political subdivision or other instrumentality of the state shall be fully discoverable, unless prepared exclusively for litigation.”
This vetoed version of subdivision (g) accurately codified the then-existing case law. Although there had been a trend toward liberalization of discovery prior to 1979, at the time this subdivision was initially passed, decisional law unequivocably exempted from discovery both reports prepared exclusively for litigation as well as reports given to a liability insurer (Kandel v Tocher, 22 AD2d 513). The Governor disapproved of and vetoed the proposed bill because it too narrowly construed discovery practice and therefore would inhibit the trend toward a more liberal discovery. In his veto message the Governor stated that: “While the purposes of the bill are exemplary and full and fair disclosure is to be encouraged, the effect of specifically enumerating entities subject to full disclosure in regard to such reports is to statutorily constrict what is a more expanded view of discovery of such reports presently permitted under existing case law. Accordingly, the bill is contrary to current judicial trend.”
The bill’s sponsor, Assemblyman Melvin H. Miller, redrafted the 1979 bill to meet the Governor’s objections and submitted it at the 1980 session as Assembly Bill No. 9303-A. This version of subdivision (g) not only codified existing law, but accommodated the current judicial trend to more liberal discovery. Two significant modifications were effected on the prior bill.
Accident reports were made “subject to pretrial disclosure in civil litigation when prepared from the usual business operations or practices of any person or entity”. (See New York State Assembly Memorandum In Support of Legislation, No. 9303-A, NY Legis Ann, 1980, p 131.) The Second Department has held that this language is broad enough and is indeed intended to include investigative reports prepared by an insurance carrier. (Mogollon v South African Mar. Corp., 88 AD2d 586.)
*1012 The other modification effected in the 1980 version of subdivision (g) is the elimination of the qualification “unless prepared exclusively for litigation” from the subdivision. Consequently, any written accident report prepared in the regular course of business, not for use in a criminal investigation is subject to full disclosure notwithstanding that it was prepared exclusively for use in litigation. (Pataki v Kiseda, 80 AD2d 100; see Siegel, Supplementary Practice Commentaries, McKinney’s Cons-Laws of NY, Book 7B, CPLR C310L33, 1981-1982 Pocket Part, pp 8, 9.) The CPLR 3101 (subd [d], par 2) prohibition on discovery of material prepared exclusively for litigation is not intended by the Legislature to apply to accident reports. (Pataki v Kiseda, supra.)
However, certain limitations still restrict the scope of discovery under CPLR 3101 (subd [g]). It appears that statements taken by an attorney from his client’s employees are privileged under CPLR 3101 (subd [c]) and are protected from disclosure. (Cornell Mfg. Co. v Mushlin, 85 AD2d 592.) Although the subdivision is not explicit, it appears that the canons of statutory construction would prohibit the discovery of statements and reports made by nonparty witnesses (other means of such discovery are nonetheless available).
“If the history of accident reports in the case law under CPLR 3101 is any indication, this amendment probably intended to address only reports prepared for, and available for disclosure by, a party, usually a * * * company ***
“If the statute intends to address a nonparty as well as a party, then it is apparently stepping beyond the requirements of subdivision (a) of CPLR 3101, the CPLR’s main disclosure statement.” (Siegel, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C310L33, 1981-1982 Pocket Part, p 10.)
Accordingly, the defendants shall provide the plaintiff with copies of all accident and investigative reports in their or their insurer’s possession which were not taken by attorneys except that reports prepared by, or statements taken from nonparty witnesses shall not be discoverable.
*1013 Additionally, the defendants shall provide the plaintiff with all correspondence between defendant All City Elevator, Inc. and Vim Realty Co. relative to complaints and repairs to the elevator involved in'the accident during the 12-month period prior to October 6, 1981.