OPINION OF THE COURT
Sidney Leviss, J.
This a motion by plaintiff to direct defendant, New York City Transit Authority, to furnish plaintiff with the written report or statement that a witness, Dominick Pollio, gave to the defendant New York City Transit Authority concerning the occurrence herein.
The defendant opposes the motion claiming that the written statement taken from a nonparty witness is not discoverable, in that such statement was prepared and obtained in preparation for litigation, and therefore pursuant to CPLR 3101 (subd [d], par 2), it is not obtainable by the opposing party.
In Zellman v Metropolitan Transp. Auth. (40 AD2d 248, 251), the court, in an opinion by Justice Shapiro, stated: “Justice is better served, the trial of cases expedited and the possibilities of perjury concomitantly reduced if there is disclosure of the names of eyewitnesses to be called. This does not, of course, apply to the statements of such witnesses, for they are truly material prepared for litigation.”
It therefore appears that at the time the above decision was rendered in 1973, that a written statement obtained from a nonparty witness was considered nondiscoverable as it was obtained in preparation for litigation.
*607 The issue then to be determined is whether CPLR 3101 (subd [g]), which became effective as of September 1,1980, encompasses the statement of a nonparty witness. That subdivision provides that: “Except as is otherwise provided by law, in addition to any other matter which may be subject to disclosure, there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity, unless prepared by a police or peace officer for a criminal investigation or prosecution and disclosure would interfere with a criminal investigation or prosecution.”
Professor Siegel, in his commentary on CPLR 3101 (subd [g]) (Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C310L33, 1981-1982 Pocket Part, p 10) states:
“It is also noteworthy that while the amendment refers to written accident reports prepared in the course of the business operations of any ‘person, firm, corporation, association or other public or private entity’, it does not say that that person, firm, etc., has to be a party. This can be taken to mean that even if the preparer is not a party, but at best a nonparty witness, the accident report, otherwise falling under the requirements of subdivision (g), would still have to be disclosed if relevant to a case involving others as parties. Here the statute can stand some construction. If the history of accident reports in the case law under CPLR 3101 is any indication, this amendment probably intended to address only reports prepared for, and available for disclosure by, a party, usually a defendant company (such as a carrier, store, etc.).
“If the statute intends to address a nonparty as well as a party, then it is apparently stepping beyond the requirements of subdivision (a) of CPLR 3101, the CPLR’s main disclosure statement. Disclosure against a party is permissible based on relevancy alone; against a nonparty one of the special requirements of paragraphs 3 or 4 of subdivision (a) must also be met. There is no indication in subdivision (g) one way or the other on this matter. But since subdivision (g) appears to be building upon subdivision (d), there is room to conclude that even if (g) aims at the *608 nonparty as well as the party, the additional requirements of paragraphs 3 or 4 of subdivision (a) will apply if a nonparty is involved.”
The court has recently received a copy of the “Recommendations Of The Advisory Committee On Civil Practice To The Chief Administrator Of The Courts Of The State Of New York In Relation To Disclosure”, dated June 15,1982. One of the recommendations is to clarify the case law on disclosure of names of witnesses by enacting the following provisions: “Witnesses. A party shall disclose the names and addresses of all persons having knowledge of any matter discoverable under this section.” (P 5, subd [g].) There is no mention in that paragraph or in any of the recommendations of the advisory committee, that statements of independent witnesses be disclosed as a matter of right. Neither CPLR 3101 (subd [g]) nor the recommendations of the advisory committee specifically provide for the disclosure of the statement of a nonparty witness as of right.
It is the opinion of this court that there is a difference between an accident report prepared in the regular course of business operations or practices of any firm, corporation, association or other public or private entity and the procuring of a statement from an independent witness to the accident. The first is governed by CPLR 3101 (subd [g]) and the latter is excluded.
This court accordingly finds that the written statement by the nonparty witness Dominick Pollio, given to the defendant herein, is not discoverable, and denies plaintiff’s motion herein.