■ WINSTON HILL, as Administrator of the Estate of VERNICE V. HILL, Also Known as VERNICE HILL, Deceased, Respondent, v MISERICORDIA HOSPITAL MEDICAL CENTER, Defendant, and ANTONIO G. CAVALLI, Appellant. — Order of the Supreme Court, Bronx County (Callahan, J.), entered on August 25, 1982, which, *inter alia,* denied the cross motion of defendant-appellant Dr. Antonio Giovanni Cavalli for a protective order with respect to Item No. 2 of plaintiff's demand for discovery and inspection, is reversed, on the law, the facts and in the exercise of discretion, to the extent appealed from, without costs or disbursements, and the motion for a protective order granted. This case involves an action for personal injuries and wrongful death arising out of the alleged negligence of defendants Misericordia Hospital Medical Center and Dr. Antonio Giovanni Cavalli. On May 13, 1982, plaintiff served a demand for discovery and inspection on both defendants, requesting in part: "Any and all written accident reports, incident reports, or other documentation or memorandum prepared in the regular course of business operations or practices, made by or on behalf of any defendant, regardless of whether or not prepared exclusively for litigation, and regardless of to whom made, including any insurance, claims or investigating company." Special Term, in denying the motion by defendant Misericordia Hospital and that portion of defendant Cavalli's cross motion which sought a protective order on the ground that the reports in question were not obtainable pursuant to section 3101 (subd [d], par 2), held that "all written accident reports not prepared for use in a criminal investigation, and prepared in the regular course of business are subject to disclosure notwithstanding the fact that said reports are prepared exclusively for litigation." The court relied on *Pataki v Kiseda* (80 AD2d 100, 103), wherein the Appellate Division, Second Department, concluded: "All accident reports, *whether or not prepared exclusively in preparation for litigation,* are discoverable." (Emphasis by the court.) According to CPLR 3101 (subd [d], par 2), "any writing or anything created by or for a party or his agent in preparation for litigation" is not discoverable unless the court finds that the material can no longer be duplicated and withholding it will result in injustice or undue hardship. However, CPLR 3101 (subd [g]) states that: "Except as is otherwise provided by law, in addition to any other matter which may be subject to disclosure, there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity, unless prepared by a police or peace officer for a criminal investigation or prosecution

and disclosure would interfere with a criminal investigation or prosecution." Subsequent to the court's decision in *Pataki v Kiseda (supra)*, the Second Department clarified its earlier ruling by declaring that: "There is a sharp distinction to be recognized between accident reports which result from the regular internal operations of any enterprise, authority or business, and those which are made or produced in connection with the report of an accident to a liability insurer." (*Vernet v Gilbert*, 90 AD2d 846, 847.) The court, in reversing the Supreme Court's denial of defendant's motion to vacate plaintiffs' notice for discovery and inspection, asserted therein that accident or incident reports which may have been prepared by the defendants for their malpractice insurance carrier with regard to the underlying claim, constitute materials prepared for litigation and are thus conditionally exempt from disclosure. The court explained that what had been at issue in *Pataki v Kiseda (supra)* was the discoverability of an accident report prepared in the regular course of business. The reports in dispute in the instant case were specifically made by defendant Cavalli to his liability insurer; they are exempt under CPLR 3101 (subd [d], par 2). It was, therefore, error for Special Term to deny the cross motion for a protective order. Concur — Kupferman, J. P., Sullivan, Milonas, Kassal and Alexander, JJ.