OPINION OF THE COURT
Arthur S. Hirsch, J.
Defendant Trump Village Section No. 4, Inc. (Trump) moves for an order to vacate items in plaintiff’s discovery and inspection notice requiring Trump to furnish accident reports.
An affidavit of the president of Trump Village is submitted to show that the only reports made of the incident were obtained solely for litigation purposes, after defendant had received the summons and complaint. The inference is clear that Trump does not make reports of accidents on its premises for purposes other than litigation and therefore, the defendant contends, the reports are not amenable for discovery, as they are entitled to the immunity proffered by CPLR 3101 (subd [d], par 2) of the disclosure article.
. The legislative intent of the liberalization of all discovery proceedings has been implemented by the courts (Allen v Crowell-Collier Pub. Co., 21 NY2d 403; Rios v Donovan, 21 AD2d 409), On the question of disclosure of accident reports, the courts have previously interpreted the statute to permit discovery if the reports used for litigation were also intended for intra-office use, such as management knowledge and control, or for disciplinary or personnel records (see Mold Maintenance Serv. v General Acc. Fire & Life Assur. Corp., 56 AD2d 134; Kaiser v South Nassau Communities Hosp., 58 AD2d 643; Millen Inds. v American *345 Mut. Liab. Ins. Co., 37 AD2d 817; Green v Carey Transp., 38 AD2d 711). If the accident reports were prepared exclusively for litigation, however, they warranted immunity (see Braun v Great Atlantic & Pacific Tea Co., 67 AD2d 898; Soifer v Mount Sinai Hosp., 63 AD2d 713; O’Neill v Manhattan & Bronx Surface Tr. Operating Auth., 27 AD2d 185).
In 1980, subdivision (g), under the heading of “Accident reports”, was added to CPLR 3101. This new section permits discovery of an accident report prepared in the ordinary course of business, with only one exception, i.e., when prepared by the police for criminal investigation. The courts were faced with the dilemma of how to reconcile CPLR 3101 (subd [d], par 2), protecting from disclosure any writing prepared for litigation, with the new subdivision. The dilemma was faced head on by the Appellate Division, Second Department, in Pataki v Kiseda (80 AD2d 100). In a unanimous decision, graphically detailing case law of accident report discovery prior to subdivision (g), the appellate court found (p 103) that “when subdivision (d) (par 2) and subdivision (g) come in direct conflict, subdivision (g) is to be controlling.” They held “that any written accident report, prepared in the regular course of business operations or practices, not for use in a criminal investigation or prosecution, is subject to full disclosure, notwithstanding that it was prepared exclusively for use in litigation” {supra, pp 104-105).
Pataki’s logic and findings have since been followed by the courts (Mogollon v South African Mar. Corp., 88 AD2d 586; Louis v All City Elevator, 115 Misc 2d 1010). In the latter case, Mr. Justice Spodek described the legislative history of subdivision (g). In an earlier version of the amendment, accident reports resulting from the regular operation of a business were made discoverable “unless prepared exclusively for litigation”. This was the codification of existing case law and was passed by the Legislature and submitted to the Governor for signature. The Governor vetoed the amendment, objecting to the section’s inhibiting effect on the current judicial trend towards a more expanded and more liberal view of discovery. The bill was redrafted and resubmitted (see NY State Assembly Memo *346 randum, NY Legis Ann, 1980, p 131), omitting the qualification “unless prepared exclusively for litigation”, thus conceding to and obviating the Governor’s objections.
Apparently, the category of accident reports no longer was to be protected by CPLR 3101 (subd [d], par 2), even if prepared exclusively for litigation (Pataki v Kiseda, supra). In the Pataki case, a wrongful death action, a woman was killed when her automobile collided with a bus, driven by defendant bus driver, owned by defendant bus company. The company admitted that a report of the accident had been made by the driver and sent directly to their attorney for litigation purposes. It is that accident report that was found by the Appellate Division, in a decision rendered April 13, 1981, to be discoverable pursuant to the new accident report amendment to CPLR 3101.
However, the clarity of the Pataki finding has been dimmed with a decision by the same appellate court in Vernet v Gilbert (90 AD2d 846). The court denied discovery of accident reports made to a medical malpractice carrier on the ground that the materials were prepared specifically for litigation and thus are conditionally exempt from disclosure under CPLR 3101 (subd [d]).
The appellate court finds no anomaly with its Pataki decision, stating in Vernet (supra, p 847) that “[tjhere is a sharp distinction to be recognized between accident reports which result from the regular internal operations of any enterprise, authority or business, and those which are made and produced in connection with the report of an accident to a liability insurer.”
It is to be therefore understood that reports taken by or for carriers or by attorneys of their client’s employees (Cornell Mfg. Co. v Mushlin, 85 AD2d 592) are protected from disclosure. Reports made by the defendant’s employees of an accident, even after the spectre of litigation has arisen, are reports taken in the regular operation of business and will be available for discovery. This is so whether or not that report is to be used solely for defense litigation (Pataki v Kiseda, supra; Chaplin v Pathmark Supermarkets, 107 Misc 2d 541).
The potential for circumventing the legislative intent of making accident reports available for pretrial discovery is *347 obvious. It is a simple matter to arrange for an employee to give his report directly to the firm’s attorney or the agent of its insurance carrier. Undoubtedly, it will require further reflection by either the appellate court or the Legislature to find a means of accomplishing the liberalization that has been declared and acclaimed to be the equitable and expedient practice in trial preparation.
Defendant’s motion for a protective order pursuant to CPLR 3103, vacating items “3” and “4” of plaintiff’s motion for discovery and inspection, is herewith denied.