OPINION OF THE COURT
Eli Wager, J.
The issue raised on this motion for a protective order is whether an accident report given by an employee of one defendant to a codefendant’s insurer is subject to discovery pursuant to CPLR 3101 (subd [g]) (L 1980, ch 283, § 1, eff Sept. 1, 1980). Subdivision (g) provides as follows: “(g) Accident reports. Except as is otherwise provided by law, in addition to any other matter which may be subject to disclosure, there shall be full disclosure of any written report of an accident prepared in the regular course of business operations or practices of any person, firm, corporation, association or other public or private entity, unless prepared by a police or peace officer for a criminal investigation or prosecution and disclosure would interfere with a criminal investigation or prosecution.”
The Appellate Division, Second Department, in Pataki v Kiseda (80 AD2d 100, mot for lv to app dsmd 54 NY2d 831), resolved an “inherent anomaly” between subdivision (d) (par 2) of CPLR 3101 (providing protection for material prepared for litigation) and subdivision (g), holding that *612 when the two provisions come in conflict subdivision (g) is to be controlling and that thus {supra, p 103) “[a]ll accident reports, whether or not prepared exclusively for litigation, are discoverable”, that “subdivision (g) encompasses all accident reports regardless of purpose, with one narrow exception dealing with criminal investigations or prosecutions”, and that (pp 103-104) “the paramount intention of the Legislature was to render all accident reports not falling within that one exception discoverable.” The court concluded (p 104) that the opening words of CPLR 3101 (subd [g]) (“Except as is otherwise provided by law”) “refer to some other provision which the Legislature may or may not have had in mind when enacting the statute, but which is not to be found within the statutes dealing with discovery.” The issue in Pataki was an accident report prepared by the defendant bus driver employed by the defendant bus company and forwarded to their attorney.
Nevertheless — and in spite of Pataki’s broad construction of subdivision (g) — the Appellate Division, Second Department, subsequently ruled that an accident report given by a party to his liability insurer is conditionally exempt from disclosure under CPLR 3101 (subd [d]) (see Vernet v Gilbert, 90 AD2d 846; Weiser v Krakowski, 90 AD2d 847). “There is,” the court ruled in the Vernet case (supra, p 847) “a sharp distinction to be recognized between accident reports which result from the regular internal operations of any enterprise, authority or business, and those which are made or produced in connection with the report of an accident to a liability insurer. There is no indication that the Legislature, in enacting CPLR 3101 (subd [g]) intended to obviate the long-standing decisional rule applicable in the latter instance.”
In the interim between Pataki (supra) and Vernet {supra) the two lower courts (see Ellis v County of Broome, 112 Misc 2d 19; Masters v Hassenpflug, 110 Misc 2d 998) and the Appellate Division, Fourth Department, in Harris v Processed Wood (89 AD2d 220) refused to follow Pataki, citing the legislative memorandum of the bill’s sponsor who stated that the “bill accurately codifies existing decisional law.” However, the Appellate Division, Third Department, relied upon Pataki in support of its refusal “to *613 employ the distinctions between accident reports prepared by an insured for its liability insurance carrier under compulsion of insurance policy clauses, and accident reports prepared in the ordinary course of business operations or practices (see Masters v Hassenpflug, 110 Misc 2d 998)” (Vandenburgh v Columbia Mem. Hosp., 91 AD2d 710, 711; see, also, Louis v All City Elevator, 115 Misc 2d 1010). Subsequently, the Appellate Division, First Department, in Hill v Misericordia Hosp. Med. Center (91 AD2d 915) held that reports prepared for an insurer are exempt, citing Vernet (cf. Smith v Young, 116 Misc 2d 619).
Thus, although Pataki (80 AD2d 100, supra) has spawned decisions to the contrary, the weight of current appellate authority appears to be that the rule enunciated in 1965 by the Second Department in Finegold v Lewis (22 AD2d 447) and by the First Department in Kandel v Tocher (22 AD2d 513) has survived the enactment of subdivision (g). Accordingly, in this department at least, accident reports prepared for an insurer are conditionally exempt from discovery.
Here, it is not alleged that “the material can no longer be duplicated because of a change in conditions and that withholding it will result in injustice or undue hardship” (CPLR 3101, subd [d]) and thus the report must be deemed unconditionally exempt. This determination obviates the need to consider whether an accident report prepared for a party (or a party’s insurer) by someone other than that party’s employee is “prepared in the regular course of business operations or practices” (see, e.g., Williams v New York City Tr. Auth., 116 Misc 2d 606, 607; Louis v All City Elevator, supra).
See short form order of even date granting the motion for a protective order.