OPINION OF THE COURT
Frederick D. Dugan, J.
The petitioner here seeks a judicial subpoena duces tecum by order to show cause before Special Term. Petitioner, a licensed practical nurse and an employee in respondent’s county health facility, was served with a notice of discipline alleging neglect of patients, incompetence and patient abuse and suspended from duty.
Pursuant to the collective bargaining agreement, petitioner grieved her proposed discharge and the matter is the subject of binding arbitration.
There have been three sessions of the hearing before the arbitrator, with the next scheduled for August 25, 1983. Upon these prior proceedings, this respondent county has produced certain witnesses to testify to the petitioner’s alleged neglect, incompetence and abuse.
*583 It appears upon the examination of these witnesses that each gave a written signed statement in regard to petitioner’s alleged acts or omissions to the respondent county which petitioner’s counsel requested to be produced and delivered to him for cross-examination of the witness. Respondent county’s attorney has refused to produce the statements, notwithstanding the arbitrator’s ruling that the statements should be produced.
Petitioner now applies to Special Term for a judicial subpoena duces tecum directing the respondent county’s attorney to produce the signed statements of respondent’s witnesses who have testified in the arbitration proceeding and release them to petitioner’s attorney for further cross-examination of said witnesses. (CPLR 2302, subd [b]; 2307.)
The respondent county here and before the arbitrator contends that the statements are the subject of the attorney-client privilege (CPLR 4503) and opposes this application.
While the nature of arbitration is consensual and the law has adopted a policy of noninterference in this mode of dispute resolution, it is clear that this court has jurisdiction to entertain the application for a subpoena duces tecum to be served upon a department or bureau of a municipal corporation (CPLR 2307, subd [a]) and contemplating the respondent county’s refusal to comply with the arbitrator’s rulings here, this application should be heard.
Upon the argument of this application, it appears that counsel for the parties agreed to this application as an alternative to a motion to quash a subpoena issued by the arbitrator pursuant to CPLR 7505.
While petitioner’s counsel states that he wishes to have the statements to test the credibility of these witnesses upon cross-examination, he concedes that, since the rules of evidence are not applicable in the arbitration hearing, the arbitrator could receive matter elicited from a witness by reason of the information, in his statement, if not the statement itself, for its truth and as evidence-in-chief on the issues in arbitration without such proof being limited to impeachment of the witness.
*584 Counsel for respondent county contends that the statements of these county employees are privileged under the attorney-client privilege as information provided by county employees to the County Attorney during an investigation of county matters directed by the county board of supervisors. He does not claim that the individual witnesses are clients of the County Attorney, as such.
Nor is it claimed by respondent county’s counsel that the witnesses’ statements here sought constitute attorney’s work product or the mental impressions, conclusions, opinions or legal theories of an attorney prepared in reference to litigation.
On the claim of privilege, the respondent county cites Upjohn Co. v United States (449 US 383) where the Internal Revenue Service issued a summons for production of certain questionnaires furnished by corporate employees to the corporation’s general counsel who undertook an internal corporate investigation at the direction of his corporate superiors in regard to certain payments by one of the corporation’s foreign subsidiaries to foreign government officials. The IRS required the same in its investigation to determine the tax consequences of the payments.
The United States Supreme Court held that the questionnaires were privileged as communications by employees to the general counsel in order to secure legal advice from that attorney concerning matters within the scope of the employees’ corporate duties.
Cornell Mfg. Co. v Mushlin (85 AD2d 592) involved a corporate plaintiff’s action to recover damages from former employees for self-dealing and wasting corporate assets. Defendants there obtained an order to compel the corporate plaintiff to produce certain documents, including statements taken by plaintiff’s attorney from plaintiff’s employees.
The Appellate Division, Second Department, modified . the order denying the motion with respect to discovery of these statements, holding that they were privileged under CPLR 3101 (subd [c]) and protected from disclosure, citing Upjohn (supra).
Any privilege which attached to the statements obtained by respondent county’s attorney from its employees is *585 waived when the employee testifies as a witness. The attorney-client privilege applies to the communication of information to the attorney not to the facts known to the “client” and when those facts are presented and asserted on behalf of the respondent county by the witness, that employee, the county and the attorney have waived the privilege.
While these statements may have been privileged from any pretrial discovery, when the employee testifies as a witness the privilege is waived.
It is a matter of fundamental fairness in any system of fact finding based upon advocacy that any statement which a witness has prepared, read and approved as accurate be available for cross-examination of that witness. (3A Weinstein-Korn-Miller, NY Civ Prac, par 3101.47; Richardson, Evidence [10th ed], § 501; CPL 240.45; People v Rosario, 9 NY2d 286.)
While it may be that material contained in the statement will not be limited to impeachment purposes, it would not be appropriate for this court under the policy of noninterference in arbitration to attempt any such qualification upon its use.
Petitioner’s application is granted and the judicial subpoena duces tecum submitted is granted and the executed copy delivered to petitioner herewith for service upon the respondent county’s attorney.